**AMBASSADE REALTY CORPORATION v. WINKLER, et al.**

Civ. A. No. 8076.

United States District Court,
D. Massachusetts.

March 14, 1949.

228

Schneider, Reilly & Bean, Joseph Schneider and Stanley H. Rudman, all of Boston, Mass., for plaintiff.

Withington, Cross, Park & McCann, and Philip F. Grogan, all of Boston, Mass., for defendant Philip N. Winkler.

FORD, District Judge.

This is a petition for a declaratory judgment under the provisions of 28 U.S.C.A. § 2201 in which plaintiff corporation asks a declaration that its property, the Ambassador Hotel, is not subject to control under the provisions of the Housing and Rent Act of 1947, as amended by the Housing and Rent Act of 1948, 50 U.S.C.A. Appendix, §§ 1881–1884 and 1891–1906, hereinafter called the Rent Act, and that defendants, its tenants, are without right to prosecute any cause of action against them for failure to comply with said Rent Act. Defendant Philip N. Winkler moves to dismiss the action against him on the ground that the court lacks jurisdiction because the amount actually in controversy is less than three thousand dollars exclusive of interest and costs.

Plaintiff admits in its petition that it is collecting rents in excess of the maximum fixed by the Office of the Housing Expediter, claiming a right to do so on the ground that its apartments are no longer subject to controls. And it is agreed that the total amount which could be recovered in suits for rent overcharges by all the defendants in this action, even if treble damages were recovered, would be less than three thousand dollars.

 The Federal Declaratory Judgment Act, 28 U.S.C.A. § 2201 confers no additional jurisdiction on this court, but applies only to controversies otherwise within its jurisdiction. And the pertinent grant of jurisdiction in this case is that given by 28 U.S.C.A. § 1331, which reads: "The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $3,000, exclusive of interest and costs, and arises under the Constitution, laws or treaties of the United States." Under this section this court clearly has no jurisdiction over the present action.

Plaintiff contends, however, that since, under the Rent Act, this court would have jurisdiction over the action brought by the tenants for the recovery of alleged rent overcharges regardless of the amount in controversy, it also has jurisdiction over this action for declaratory relief in respect of the same alleged rent overcharges.

While the Rent Act has conferred on this court jurisdiction over certain cases regardless of the amount in controversy, (Sampson v. Thomas, D.C., 76 F.Supp. 691) the grant of jurisdiction under the Rent Act is a strictly limited one. It extends only to two specifically enumerated types of cases —actions by a tenant for recovery of rent overcharges under Section 1895, and actions by the Housing Expediter for equitable relief under Section 1896(b). Poirier v. Desillier, D.C., 75 F.Supp. 402. Any jurisdiction which this court may possess over any other case arising under the provisions of the Rent Act is conferred, not by the Rent Act itself but by the general grant of jurisdiction over cases arising under the laws of the United States given by 28 U.S.C.A. § 1331, with its requirement that the amount in controversy exceed three thousand dollars. Fox v. 34 Hillside Realty Corp., D. C., 79 F.Supp. 832; Luftman v. Ross, D. C., 75 F.Supp. 627. The same result has been reached in a recent case in this court in which precisely the same question was involved as in this case. See unpublished memorandum of Wyzanski, D. J., February 8, 1949, in Burns v. Comstock,[1] C.A. 8114.

Consequently, I conclude that this court has no jurisdiction over this petition for a declaratory judgment and the motion to dismiss as to defendant Winkler is granted. The court having no jurisdiction, the petition is also dismissed as to the other defendant, Arthur Kennison.

No costs.

---

[1] No opinion for publication.