**NORTH ALLEGHENY JOINT SCHOOL SYSTEM et al.**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE of the United States of America et al.**

**Civ. A. No. 60–510.**

United States District Court
W. D. Pennsylvania.
June 30, 1961.

John B. Nicklas, Jr., Pittsburgh, Pa., for plaintiffs.

Marshall J. Seidman, Deputy Atty. Gen., and Anne X. Alpern, Atty. Gen., for Commonwealth of Pennsylvania.

Thomas J. Shannon, Pittsburgh, Pa., for the United States.

McILVAINE, District Judge.

In this case the plaintiff school districts have filed a suit against the Secretary of Health, Education and Welfare of the United States and the Secretary of Labor and Industry of the Commonwealth of Pennsylvania. It appears that by amendment to the Social Security Act political sub-divisions of the United States are authorized to extend to their employees and officers the benefits of the Social Security Act. However, in order to obtain these benefits each state had to pass enabling legislation and enter into an agreement with the Secretary of Health, Education and Welfare. Pennsylvania passed such an act on January 5, 1952, P.L.1833; 65 P.S. § 201. This act authorized the Secretary of Labor and Industry of Pennsylvania to enter into an appropriate agreement with the Secretary of Health, Education and Welfare, and pursuant to this agreement the Superintendent of Public Instruction of Pennsylvanina executed agreements on behalf of all the school districts in behalf of the school district of Pennsylvania extending the benefits of the Social Security Act to public school employees.

The plaintiffs allege that they have been required to pay into the contribution fund under the Pennsylvania Enabling Act the amount specified under the Social Security Act. The plaintiffs further allege that this system has been applied to elected tax collectors, solicitors, auditors, dentists, and doctors who have done work for the school district.

The school districts, however, maintain that these people are not employees within the meaning of the Social Security Act, 42 U.S.C.A. § 410(k).

Plaintiffs allege that they have objected to this payment. They allege that

making them pay this is an arbitrary action; and seek from this Court a declaratory judgment, construing the meaning of the terms "employment" and "employee" as defined in Section 410 of the Social Security Act, and whether or not elected tax collectors, solicitors, auditors, dentists, and doctors are employees within the act.

After the suit was filed, motions to dismiss were filed by the Secretary of Health, Education and Welfare and by the Secretary of Labor and Industry of the Commonwealth of Pennsylvania. The Secretary of Health, Education and Welfare urges that the complaint be dismissed because it fails to state a claim upon which relief can be granted; that the Court lacks jurisdiction over the case; that the Secretary of Health, Education and Welfare is not sueable, and even if he were, this district does not have venue, but venue should lie in the District of Columbia. The Secretary of Labor and Industry of the Commonwealth of Pennsylvania urges that the complaint be dismissed because it involves a controversy with respect to the federal taxes which is a subject specifically excluded by the Declaratory Judgment Act; that the service of process was improper in that the summonses were served by certified mail and not by personal service of process as required by law; that the venue of this Court is improper since an action against an officer of the Commonwealth can only be instituted in Dauphin County. Under state law it alleges that the Governor of Pennsylvania is an indispensable party and has not been joined; that the plaintiffs have no standing to raise a question of coverage as the only people who should be able to question this are the individuals subject to the contract; and that the plaintiffs have not exhausted their administrative remedies available to them.

Many issues have been raised by the motions filed in this case. We think, however, the matter can be resolved if attention is directed to whether or not this Court has jurisdiction to decide the issues.

This brings us to the matters raised on behalf of the Secretary of Labor and Industry of the Commonwealth of Pennsylvania. The return of the United States Marshal indicates that a copy of the summons and complaint was served by certified mail to the Secretary of Labor and Industry of the Commonwealth of Pennsylvania at Harrisburg, Pennsylvania.

■■ It is basic that before a court can entertain a case a defendant must be properly before it, and no defendant can be brought properly before a court unless there has been a proper service of process or the defendant voluntarily enters a general appearance. The Federal Rules of Civil Procedure govern service of process, and in particular, Rule 4(d) (6), 28 U.S.C.A.:

"Upon a state or municipal corporation or other governmental organization thereof subject to suit, by delivering a copy of the summons and of the complaint to the chief executive officer thereof or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant."

Here it is obvious we must look to the requirements of the law of the Commonwealth of Pennsylvania for service of this process upon officials of the Commonwealth of Pennsylvania. See Pennsylvania Rules of Civil Procedure 2104 (b), 12 P.S.Appendix:

"When an action is commenced against an officer of the Commonwealth, or against a department, board, commission or instrumentality of the Commonwealth, or a member thereof, other than an appeal from an administrative determination, order or decree of such officer, department, board, commission or instrumentality, service shall be made at the office of the defendant and at the office of the attorney general by handing a copy of the writ, or a complaint if the action is com-

menced by complaint, to the person in charge thereof."

Service was not so made upon the Secretary of Labor and Industry, but was sent by certified mail. The plaintiffs urge that this is an error that can be corrected. As of this date, no correction has yet been made. Therefore, it would appear proper that since the Secretary of Labor and Industry of the Commonwealth of Pennsylvania is not properly before this Court, his motion to dismiss for lack of service of process over him should be granted, and that would be the end of the case as to him.

The Secretary of Health, Education and Welfare, however, did not raise the question of improper service of process. However, he raises the question of jurisdiction, and we must look to the plaintiffs' complaint to see if there is jurisdiction.

■■ Rule 8 of the Federal Rules of Civil Procedure provides that any pleading which sets forth a claim for relief shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends. In paragraph 8 of the plaintiffs' complaint, their allegations of jurisdiction in the Court are as follows:

> "The District Court of the United States for the Western District of Pennsylvania has jurisdiction in this declaratory judgment proceeding pursuant to paragraph 2201 and Rule 57 of the Federal Rules of Civil Procedure, for the reason that a federal question is involved; the amount involved is in excess of $10,-000.00, and the jurisdiction is further expressly conferred by Federal Statutes."

We might point out that this allegation does not comply or meet the simple form set forth in Form 2(b) of the Federal Rules of Civil Procedure, Title 28 U.S.C. Certainly Rule 57 of the Federal Rules of Civil Procedure is not a section of law that would confer any jurisdiction upon this Court. Section 2201 of Title 28 United States Code does not confer jurisdiction. The Declaratory Judgment Act has been construed as being merely a procedural statute, and it would apply only in cases in which the Court only has jurisdiction. The Act did not confer any jurisdiction independent of what was theretofore existing. It is a procedural act only. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194; Stafford v. Superior Court of California, 9 Cir., 1959, 272 F.2d 407, 409.

■ The plaintiffs make the blanket assertion that a federal question is involved, but they have not told this Court what is the federal question. Their reasoning that we have jurisdiction under Rule 57 under the Federal Rules of Civil Procedure and under Section 2201, Title 28 United States Code is not supportable in law. They assert that jurisdiction is expressly conferred by federal statute, but fail to tell this Court which federal statute specifically confers jurisdiction on the Court. We know of none, nor is it the Court's duty to search for such a statute.

The requirements for pleading jurisdiction are succinctly set forth in Volume 4, Cyclopedia of Federal Procedure § 14.75 as follows:

> "Under Rule 8(a) (1) the statement of grounds of jurisdiction must be short and plain. The statement must be positive, certain, and sufficiently particular.
>
> "In the statement grounds of jurisdiction must distinctly appear, and jurisdictional facts cannot be inferred argumentatively from allegations. Particular averments must not contradict and destroy the general averments relative to jurisdiction. Ordinarily, a complaint should plead only ultimate facts on the question of jurisdiction."

The plaintiffs here make general averments, and their particular averments clearly show that there is no jurisdiction in this Court to determine this alleged controversy. Since we have no jurisdiction, we deem it inappropriate to pass

or render any opinion on the other questions raised by parties here, especially whether or not the plaintiffs have exhausted all administrative remedies available to them; whether or not they have the remedy in the state court against the state officials; and whether under such circumstances a district court should exercise its discretion to hear this case involving what is really an economic dispute between school districts and the Commonwealth of Pennsylvania.

### Order

And now, to wit, this 30th day of June, 1961, for the reasons stated in the foregoing opinion, defendants' motion to dismiss the plaintiffs' complaint should be and hereby is granted.