Jess Solomon **IVEY**, Appellant,

v.

**Robert H. FROST et al.**, Appellees.

No. 17974.

United States Court of Appeals
Eighth Circuit.

June 1, 1965.

Jess Solomon Ivey, pro se.

Norman H. Anderson, Atty. Gen., Jefferson City, Mo., for appellee.

Before VAN OOSTERHOUT, BLACKMUN and MEHAFFY, Circuit Judges.

PER CURIAM.

This is an appeal by the plaintiff, Jess Solomon Ivey, from order of the District Court denying him leave to proceed with his civil claim for damages in forma pauperis. The trial court permitted plaintiff to appeal from such order in forma pauperis. Such appeal has been perfected. This case is before us upon the original record. We have examined the record with care, including numerous letters written by the plaintiff to the trial court. Our examination of the record convinces us that the trial court did not abuse its discretion in denying plaintiff the right to proceed with his civil action in forma pauperis.

No adequate statement of the basis of federal jurisdiction is set out in the complaint. Plaintiff in the caption of the complaint states, "Civil Law Suits—Complaint Federal Rules Section 42 Code 1983." Likely the plaintiff intended to refer to 42 U.S.C.A. § 1983. Plaintiff has made no adequate statement of jurisdictional facts. Upon this ground alone, the complaint is fatally defective. Fed.R.Civ.P. 8(a); Vorachek v. United States, 8 Cir., 337 F.2d 797, 799.

Plaintiff's asserted cause of action is based upon the claim that defendant, Senator Frost, and members of his Missouri legislative committee, stole or obtained by fraud certain papers plaintiff presented to such committee in support of a claim he made that certain members of the Supreme Court of Missouri should be impeached. Such papers, so far as can be ascertained from plaintiff's pleadings, consisted largely of portions of the testimony and proceedings in criminal

and civil actions involving plaintiff litigated in Missouri courts. Plaintiff asserts that the lack of such papers prevents him from impeaching the Supreme Court Judges, thereby violating his Fourteenth Amendment rights, and that such action amounts to a conspiracy to commit an offense against the United States or to defraud the United States in violation of 18 U.S.C.A. § 371, and that he has suffered damages of $5,000,000. Such contention is wholly without merit. The trial court in its order states inter alia:

> "It does not appear from the papers on file that the plaintiff has a meritorious civil claim for relief against the defendant; nor does it appear that the plaintiff exhausted his State remedies for recovery of the documents allegedly delivered to the defendant as chairman of a committee of the House of Representatives of Missouri. Therefore, leave to proceed with a civil claim for damages in forma pauperis should be denied. 6 Moore, Federal Practice, Par. 54.74, p. 1332–39."

We agree with the trial court's determination that plaintiff has failed to set out a meritorious cause of action over which the federal court could acquire jurisdiction. We have recently considered the right of a party to prosecute a civil suit in forma pauperis under 28 U.S.C.A. § 1915 in Cole v. Smith, 8 Cir., 344 F.2d 721 (1965). See also Weller v. Dickson, 9 Cir., 314 F.2d 598. Upon the application of the standard set out in Cole to the facts of this case, we say without hesitation that the trial court did not abuse its discretion in denying plaintiff's right to proceed with his civil action in forma pauperis.[1]

Affirmed.

[1] The record before us discloses plaintiff is serving a sentence in the Missouri Penitentiary as a result of his conviction upon the charge of rape. The trial court in its opinion states: "However, since the plaintiff claims to be unlawfully detained, his complaint will be treated as a request for leave to file a petition for habeas corpus. The forms for filing such a petition will be provided to him by the clerk in accordance with the rule of this Court." Plaintiff has not filed a petition for writ of habeas corpus. No adjudication of habeas corpus rights is involved in this action.