**Lewis O. JONES**

v.

**BOARD OF PROBATION AND PAROLE, COMMONWEALTH OF PENNSYLVANIA.**

**Civ. A. No. 68–121.**

United States District Court
E. D. Pennsylvania.
March 6, 1968.

Lewis O. Jones, in personam.

## MEMORANDUM AND ORDER

BODY, District Judge.

The petitioner, Lewis O. Jones, has made motions for leave to proceed in forma pauperis and for appointment of counsel. He seeks a declaratory judgment against the Pennsylvania Board of Probation and Parole under the authority of 28 U.S.C. §§ 2201–2202.

The motions to proceed in forma pauperis and for appointment of counsel are denied for two reasons: first, the petitioner has not indicated an appropriate basis for the exercise of federal jurisdiction; and second, even if this Court could properly exercise its jurisdiction, we find no merit in the petitioner's substantive contentions.

Title 28 U.S.C. §§ 2201–2202, known as the Federal Declaratory Judgment Act, is remedial and procedural in nature. It does not create substantive rights or duties. Neither does it augment nor diminish federal jurisdiction. 6A Moore, Federal Practice at p. 3020 (2d Ed. 1966). To obtain the remedy which the Act provides, petitioner Jones must first affirmatively assert an appropriate basis for federal jurisdiction. His petition does not assert such jurisdictional basis.

Should we assume that the alleged facts of Jones' petition would support a finding of federal jurisdiction (e. g., under Title 42 U.S.C. §§ 1981–1983), we would nevertheless conclude that the petition was without merit. It is necessary to examine briefly the facts alleged.

In 1963, the petitioner was sentenced to 2½ to 5 years by the Pennsylvania state courts for burglary. In 1965, after serving 2½ years, he was released on parole. In 1966, he was arrested by the United States Government for theft of United States mail and theft of interstate shipment. In 1967, he was convicted on both the federal charges and

sentenced to serve 5-year concurrent sentences followed by five years of federal probation. In 1967, he was committed to a federal penitentiary to commence service on the concurrent five-year sentences.

The federal offenses and convictions occurred while Jones had been on parole from the Pennsylvania state penitentiary. After Jones was incarcerated in the federal penitentiary, the Pennsylvania Board of Probation and Parole lodged a detainer warrant against him in order to obtain custody of Jones after his release from the federal authorities. Jones then unsuccessfully sought a writ of mandamus from the state courts ordering the Parole Board to withdraw its detainer warrant.

■ The petitioner claims that the Parole Board, having surrendered him to the custody of the federal authorities, has forever forfeited its jurisdiction over him, and that the detainer warrant is thus violative of his civil and constitutional rights. We find no merit in the contentions.

It is quite clear that the detainer warrant was authorized by Pennsylvania state law: 61 P.S. § 305 specifically provides, in part, that:

> "If any convict released on parole, as provided for in this act, shall, during the period of his * * * parole, or while delinquent on said parole, commit any crime punishable by imprisonment for which he or she is at any time thereafter convicted in any court of record and sentenced to any place of confinement other than the penitentiary from which he or she was released on parole, such convict shall, in addition to the penalty imposed for such crime committed during the said period, and after the expiration of the same, be compelled, by detainer and remand as for an

escape, to serve in the penitentiary from which said convict had been released on parole * * * the remainder of the term (without commutation) which said convict would have been compelled to serve but for the commutation authorizing said parole * * *."

The statute certainly provides authorization for the Parole Board's detainer warrant, as far as state law is concerned. Nor can we find any merit in the contention that the state law is inconsistent with the federal constitution. As the court observed in United States ex rel. Pavloc v. Board of Parole for Commonwealth of Pennsylvania, 81 F.Supp. 592, 595 (W.D.Pa.1948), aff'd 175 F.2d 780 (3d Cir. 1949), in sustaining the constitutionality of the statute here attacked:

> "Where a state sovereignty voluntarily surrenders the custody of its parolee to the federal authorities for trial, conviction, and sentence for a federal offense, and files a detainer at the federal institution where the prisoner is confined for violation of parol, the state sovereignty is entitled to the custody of said prisoner at the expiration of the federal sentence for the purpose of complying with and having executed the terms and provisions of the state sentence which arose from a violation of a prisoner's state parole."

## ORDER

And now, this sixth day of March, 1968, it is ordered that petitioner Lewis O. Jones' motions to proceed in forma pauperis and for appointment of counsel are hereby denied, for the reasons [1] that the petitioner has failed to invoke the jurisdiction of this Court properly, and [2] that the petitioner's substantive contentions are without merit.