Donald **CONOVER**, on his own behalf and on behalf of all others similarly situated, Plaintiff,

v.

Hon. Frank J. **MONTEMURO**, Jr., Administrative Judge, Family Court Division, Philadelphia Court of Common Pleas; and Leonard Rosengarten, Director, Juvenile Probation, Family Court Division, Philadelphia Court of Common Pleas, Defendants.

No. 69–765.

United States District Court
E. D. Pennsylvania,
Sept. 24, 1969.

Edwin D. Wolf, Daniel E. Farmer,
Charles H. Baron, Community Legal

Services, Inc., Philadelphia, Pa., for plaintiff.

Martin Vinikoor, Richard Max Bockol, Asst. Dist. Attys., Philadelphia, Pa., for defendants.

## OPINION AND ORDER

FULLAM, District Judge.

Plaintiff is a fifteen-year-old boy who has been arrested, forwarded to an "intake interview" conducted by a probation officer of the Philadelphia Juvenile Court, has had a petition of delinquency filed against him by the Probation Department, and has had counsel appointed by a judge of the Juvenile Court. This action was filed on behalf of the named plaintiff and all those similarly situated, seeking to enjoin all further juvenile proceedings until juveniles are granted the right to a preliminary hearing and presentment to a grand jury or an equivalent procedure to test the propriety of referring the juvenile to the Juvenile Court for adjudication. The complaint also seeks a declaratory judgment that the "intake interview", as presently conducted by the Probation Department, violates the juvenile's Fourteenth Amendment rights. The defendants have filed a motion to dismiss, asserting lack of subject-matter jurisdiction, and failure to state a cause of action on which relief can be granted.

### Procedural History

This action was filed on April 8, 1969. A hearing was held on April 9, 1969 on the plaintiff's petition for a temporary restraining order. I denied this petition on the same day, and an immediate appeal was taken to the Third Circuit Court of Appeals. After the Third Circuit heard oral argument, it was agreed by counsel that no decision on the merits need be made, and eventually the appeal was dismissed. Coincident to these actions, I had considered the plaintiff's request to convene a three-judge district court pursuant to 28 U.S.C. § 2284, and had preliminarily determined that a three-judge court should be convened.

However, Chief Judge Hastie of the United States Court of Appeals of this circuit denied plaintiff's petition for the convening of a three-judge court, on the ground that although the plaintiff's complaint challenged the constitutionality of 11 Pa.Stat.Ann. § 246 "the substance of [the] complaint appears to be that the persons charged with the administration and enforcement of that statute are exercising their power and discretion in an improper way, and not that the statute itself requires the allegedly improper practice." A motion for reconsideration was denied for the same reason, i. e., that the conduct giving rise to the plaintiff's claims was not required by the Pennsylvania statute.

The defendants then filed an answer, and a motion to dismiss.

### Jurisdiction

Federal subject-matter jurisdiction is asserted under the general federal question statute, 28 U.S.C. § 1331, and the special federal question provisions of 28 U.S.C. § 1343. Injunctive relief is sought pursuant to 42 U.S.C. § 1983, and a declaratory judgment under 28 U.S.C. § 2201.

Neither 42 U.S.C. § 1983, nor 28 U.S.C. § 2201 is a jurisdictional statute: these enactments merely create forms of action for specific relief, available in the federal courts only when subject-matter jurisdiction is properly grounded on a jurisdictional statute. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950).

Section 1343(3) vests jurisdiction in the district courts to adjudicate actions "authorized by law":

"To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States."

It should be noted that under this section of the Judicial Code, there is no requirement of a minimum amount in controversy.

■ Plaintiff's declaratory judgment action is authorized by 28 U.S.C. § 2201, and the complaint alleges that there has been a deprivation of the plaintiff's Fourteenth Amendment guarantees of equal protection and due process by the Probation Department of the Philadelphia Juvenile Court. Therefore, this Court has subject-matter jurisdiction under section 1343(3). Baker v. Carr, 369 U.S. 186, 198–204, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). Moreover, the defendants do not question the appropriateness of considering the request for declaratory relief. *See* United Public Workers of America (CIO) v. Mitchell, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754 (1946).

■ For similar reasons, this Court has jurisdiction of the plaintiff's injunction action under section 1983. In fact, the holding of Baker v. Carr, *supra,* is squarely apposite.

### Immunity

The defendants' answer raises the defense that Judge Montemuro, Administrative Judge of the Family Court, and Leonard Rosengarten, Director of the Juvenile Probation Department, are immune from civil liability under the doctrine of judicial immunity. Although counsel for the defendants has not pressed this contention, I shall deal with it briefly.

■ It is now well established that the doctrine of judicial immunity is applicable to actions for damages under 42 U.S.C. § 1983. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Bauers v. Heisel, 361 F.2d 581 (3rd Cir. 1966). Chief Justice Warren, writing for the majority in *Pierson,* stated:

"Few doctrines were more solidly established at common law than the immunity of judges from *liability for damages* for acts committed within

their judicial jurisdiction * * *."
Pierson v. Ray, 386 U.S. at 553–554, 87 S.Ct. at 1217 [emphasis added]

The ultimate decision in *Pierson* was that Congress had not meant to abrogate this doctrine by the enactment of section 1983.

However, the present action does not seek to impose civil liability. There is no indication in *Pierson* or in Judge Staley's scholarly opinion in *Bauers* that the doctrine of judicial immunity precludes the naming of judges or persons working in a quasi-judicial capacity as party defendants in an action for an injunction under section 1983 or a declaratory judgment under 28 U.S.C. § 2201. *See* Cooper v. Hutchinson, 184 F.2d 119 (3rd Cir. 1950). Both federal and state systems recognize that a judicial officer is subject to suit in an action for mandamus. The practical thrust of the present action is essentially similar.

■ It is my conclusion that the named defendants are proper party defendants to the injunctive and declaratory judgment aspects of this action.

### Motion to Dismiss

■ Although the defendants have denied many of the crucial factual averments of the complaint, they now argue that assuming those facts to be true, as a matter of law no constitutional deprivation is made out. It is axiomatic that in viewing a motion of this nature, the complaint must be viewed most favorably to the plaintiff, and a court will not grant the motion unless it is a legal certainty that a cause of action cannot be maintained. Melo-Sonics Corp. v. Cropp, 342 F.2d 856 (3rd Cir. 1965); United States v. Provident Nat'l Bank, 259 F.Supp. 373 (E.D.Pa.1966).

Initially, it should be pointed out that the plaintiff's brief in opposition to the defendants' motion to dismiss does not attack the constitutionality of 11 Pa. Stat.Ann. § 246, and I assume counsel have abandoned this claim. Therefore, it is not necessary to determine what effect Chief Judge Hastie's orders declin-

ing to convene a three-judge court have on the interpretation to be given the complaint by this court.

The plaintiff now relies on the following constitutional arguments:

"a. Plaintiff's complaint states a claim for relief for denial of equal protection on the ground that Pennsylvania Law provides for discharge of adults at preliminary hearings against whom a prima facie case is not established but does not provide for the discharge of juveniles at the intake interview against whom a prima facie case of delinquency is not established.

"b. Plaintiff's complaint states a claim for relief for denial of due process by the overbroad scope of the intake interviewer's discretion and the vagueness of the standard for his action.

"c. Plaintiff's complaint states a claim for relief for denial of due process by the arbitrary and irrational choice of cases in which to file delinquency petitions.

"d. Plaintiff's complaint states a claim for relief for denial of due process by failure to provide intake standards reasonably related to probable cause or the purposes of the Juvenile Court Law."

In support of these claims, the plaintiff has cited authorities relating to Fourteenth Amendment guarantees as applied to adult proceedings. These cases make it clear that if juveniles are to be accorded the same scope of constitutional protection as adults, the plaintiff's complaint could not be dismissed at this point. However, the threshold inquiry must focus on the extent to which In Re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) requires that juveniles be accorded the same Fourteenth Amendment rights as adults. At issue here is the constitutional ade-

quacy of the pre-adjudicative procedures of the Philadelphia Juvenile Court. *Gault* left unresolved what types of procedures are constitutionally mandated at the pre-adjudicative stage.

"The problems of pre-adjudication treatment of juveniles, and of post-adjudication disposition, are unique to the juvenile process; hence what we hold in this opinion with regard to the procedural requirements at the adjudicating stage has no necessary applicability to other steps of the juvenile process." 387 U.S. at 31, n. 48, 87 S. Ct. at 1445.

The defendants argue that this reservation in the *Gault* opinion sustains their position. I cannot agree. It would be an abdication of this court's responsibilities to sustain the defendants' motion at this juncture. All that can be said is that the Supreme Court's decision in *Gault* does not sustain the position of either of the parties. Moreover, the defendants have not cited a case since *Gault* which would be persuasive authority for their position.

██ Therefore, since it cannot be said that as a matter of law the plaintiff's claims are without merit, the defendants' motion will be denied. In matters of constitutional law, it is especially appropriate to proceed guardedly in order to insure that there is a full and adequate record, rather than attempt to determine significant issues in the abstract.

### Abstention

The main thrust of the defendants' argument has been addressed to the doctrine of abstention. In general, the defendants argue that the complaint raises issues which should be determined in the state courts prior to federal intervention. Again, the dual nature of the relief requested requires that the defendants' contention be discussed as to each basis of relief separately.

██ In Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967), the Supreme Court specifically

dealt with the applicability of the judicial doctrine of abstention to actions for declaratory judgments. Justice Brennan observed:

> "We hold that a federal district court has the duty to decide the appropriateness and the merits of the declaratory request irrespective of its conclusion as to the propriety of the issuance of the injunction." *Id.* at 254, 88 S.Ct. at 399.

In delineating the circumstances under which a district court should abstain in a declaratory judgment action, the Court made it clear that abstention is not called for "merely because state courts [provide a remedy and] also have the solemn responsibility, equally with the federal courts" to enforce and uphold the constitution. *Id.* at 248, 88 S.Ct. at 395.

▉ The Court did, however, point out that abstention would be appropriate under certain "special circumstances", e. g., where the state courts might interpret a state statute in a way which would avoid a constitutional question. *Id.* at 248 & 249 n. 11, 88 S.Ct. at 396. In this case, the constitutional challenge relates not to any section of the Juvenile Court Act which could be construed in a fashion that would avoid a constitutional question, but rather to the absence of statutes, regulations, or court-promulgated rules which would protect juveniles from the alleged constitutional deprivations. I cannot perceive any basis on which this court could properly abstain from hearing the plaintiff's declaratory action. Congress has provided a remedy, and vested this court with jurisdiction; and by doing so has "imposed [a] duty upon * * * the federal judiciary to give due respect to a suitor's choice of a federal forum * * *."

Zwickler v. Koota, *supra* at 248, 88 S.Ct. at 395. See Cameron v. Johnson, 390 U.S. 611, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968).

▉ Having decided that the Court should entertain plaintiff's application for declaratory judgment, I find it unnecessary at present to decide whether ultimately the Court should abstain from granting injunctive relief. Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965) holds that special circumstances and irreparable harm must be shown before a Federal court should enjoin threatened state *criminal* prosecution. See also Zwickler v. Koota, *supra*. However, the present case involves actual rather than potential state prosecution. 28 U.S.C. § 2283 forbids injunctions in this area " * * * except as expressly authorized by Act of Congress * * *." ; but the law of this Circuit is that 42 U.S.C. § 1983 confers just such authorization. Cooper v. Hutchinson, 184 F.2d 119 (3rd Cir. 1950).[1]

Be all that as it may, it would seem that a decision of the declaratory judgment aspect of the case will provide a firm basis for determining what further relief is "necessary in aid of [this Court's] jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

### ORDER

And now, this 24th day of September, 1969, it is ordered that the defendants' motion to dismiss the plaintiff's declaratory judgment action is denied, and that disposition of the defendants' motion to dismiss the injunction action will be reserved until after trial of the declaratory judgment action.

1. In Dombrowski v. Pfister, *supra*, 380 U.S. at 484 n. 2, 85 S.Ct. at 1119, the Supreme Court recognized that a split of authority existed in the Circuit Courts on this issue, but the Court found it unnecessary to decide whether section 1983 falls within the exception to section 2283.