**FRAMLAU CORPORATION**

v.

**Paul G. DEMBLING, Comptroller General of the United States et al.**

Civ. A. No. 72–1156.

United States District Court,
E. D. Pennsylvania.

June 14, 1973.

[black redaction blocks]

Fell, Spaulding, Goff & Rubin by Robert S. Dubin and Stephen R. Bolden, Philadelphia, Pa., for plaintiff.

U. S. Atty. Robert E. J. Curran by Asst. U. S. Atty. Henry J. Horstmann, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

CLIFFORD SCOTT GREEN, District Judge.

This matter is now before the Court on defendants' motion to dismiss plain-

tiff's complaint pursuant to Federal Rule of Civil Procedure 12(b).

Plaintiff is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, and at all times material hereto was engaged in the performance of work as general contractor for the Department of the Navy. Plaintiff has named as defendants (hereinafter referred to as "The Government"), Paul G. Dembling, Comptroller General of the United States, John H. Chafee, Secretary of the Navy, and John Shultz, Secretary of Labor, who, at all times material hereto, were engaged in duties vested in them under statutes of the United States.

Essentially, plaintiff is alleging the constitutional infirmity of the procedure employed during a hearing before the Wage Appeals Board held pursuant to 29 C.F.R. § 7.1(e), and 40 U.S.C. § 276a et seq. Plaintiff seeks to have this Court enjoin the Comptroller General from disbursing funds to thirteen of its employees, to declare the procedure of the Wage Appeals Board violative of due process, and to order the Comptroller General to pay plaintiff certain funds withheld from the plaintiff by the Government for direct payment to plaintiff's employees.

## I

### Subject Matter Jurisdiction

■■ The government first moves to dismiss on the ground that plaintiff has failed to cite a valid jurisdictional basis for the complaint. In its complaint, plaintiff avers subject matter jurisdiction based on 5 U.S.C. § 702, governing appeals from administrative decisions, and 28 U.S.C. § 2202, providing further relief based on a declaratory judgment. Since the Administrative Procedure Act, 5 U.S.C. § 701 et seq. is remedial and not jurisdictional it cannot serve as an independent basis for jurisdiction here. Zimmerman v. United States Government, 422 F.2d 326, 330 (3rd Cir. 1970); Local 542, International Union of Operating Engineers v. N.L.R.B., 328 F.2d

850, 854 (3rd Cir. 1964), cert. denied, 379 U.S. 826, 85 S.Ct. 52, 13 L.Ed.2d 35 (1964); Pan American World Airways, Inc. v. C.A.B., 129 U.S.App.D.C. 159, 392 F.2d 483, 494 (1968); Twin Cities Chippewa Tribal C. v. Minnesota Chippewa Tribe, 370 F.2d 529, 532 (8th Cir. 1967); Ove Gustavsson Contracting Company v. Floete, 278 F.2d 912, 914 (2nd Cir. 1960), cert. denied, 364 U.S. 894, 81 S.Ct. 225, 5 L.Ed.2d 188 (1960). Similarly, the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, is not a jurisdictional statute and does not confer subject matter jurisdiction where none otherwise exists. This enactment merely creates a specific type of relief available in actions where the federal district court already has jurisdiction. Jarrett v. Resor, 426 F.2d 213, 216 (9th Cir. 1970); Ragoni v. United States, 424 F.2d 261, 264 (3rd Cir. 1970); Langston v. United States Attorney General, 293 F.2d 316, 317 (3rd Cir. 1961); Venson v. State Board of Parole and Probation, 384 F.2d 238, 239 (9th Cir. 1967); Mattingly v. Elias, 325 F. Supp. 1374, 1375 (E.D.Pa.1971); Conover v. Montemuro, 304 F.Supp. 259, 261 (E.D.Pa.1969); Jones v. Board of Parole, Commonwealth of Pa., 281 F.Supp. 62, 63 (E.D.Pa.1968); North Allegheny J. Sch. Sys. v. Secretary of Health, etc., 196 F.Supp. 144, 147 (W.D.Pa.1961); Ambassade Realty Corporation v. Winkler, 83 F.Supp. 227, 228 (D.Mass.1949).

■■ Although plaintiff has failed to cite a valid jurisdictional statute as a basis for its complaint, Rule 8(a)(1) of the Federal Rules of Civil Procedure only requires that a pleading setting forth a claim for relief contain a short and plain statement of the grounds upon which the Court's jurisdiction depends. If there is a statement in the complaint sufficient to give the court jurisdiction, the particular statute conferring jurisdiction need not be specifically pleaded. Williams v. United States, 405 F.2d 951, 954 (9th Cir. 1969); Chasis v. Progress Manufacturing Company, 382 F.2d 773, 776 (3rd Cir. 1967); Sikora v. Brenner, 126 U.S.App.D.C. 357, 379 F.2d 134, 136

(1967); Paynes v. Lee, 377 F.2d 61, 63 (5th Cir. 1967); Ivey v. Frost, 346 F.2d 115 (8th Cir. 1965); Eidschun v. Pierce, 335 F.Supp. 603, 615 (S.D.Iowa 1971); Uhler v. Commonwealth of Pennsylvania, 321 F.Supp. 490, 491 (E.D.Pa.1970). Plaintiff has cited facts sufficient to satisfy Rule 8(a)(1) of the Federal Rules of Civil Procedure in that, plaintiff's allegations come within the provision of 28 U.S.C. § 1346(a)(2) which provides that "[t]he district courts shall have original jurisdiction, concurrent with the Court of Claims, of . . . any . . . civil action or claim against the United States, not exceeding $10,000 in amount founded either upon the Constitution, or any Act of Congress. . . ." In the case at bar, plaintiff has alleged that it was denied its right, to due process, as guaranteed by the Fifth Amendment to the United States Constitution; the amount in controversy does not exceed $10,000.

■■■ The Government next argues that since plaintiff's claim concerns an interpretation by the Secretary of Labor of his own prevailing wage determination, i. e., what activities constitute the work of a plumber, electrician, etc., and what phases of the construction activities constitute the work of a laborer, it is not subject to judicial review. We agree that a decision of the Secretary of Labor regarding the scope of a classification is part of the wage determination process and exclusively within his jurisdiction and that the correctness of his determination of wage rates is not subject to judicial review. United States v. Binghamton Construction Co., 347 U.S. 171, 74 S.Ct. 438, 98 L.Ed. 594 (1954); Burnett Construction Company v. United States, 413 F.2d 563, 188 Ct.Cl. 958

(1969); Nello L. Teer Co. v. United States, 348 F.2d 533, 172 Ct.Cl. 255 (1965), cert. denied, 383 U.S. 934, 86 S. Ct. 1065, 15 L.Ed.2d 852 (1966). However, plaintiff does not seek a review of the substantive content of the Government's decision but rather a review of the alleged absence of due process in reaching the decision. The Court has satisfied itself that it has jurisdiction, based on plaintiff's allegation of denial of due process, to review the process of determination as distinguished from the correctness of the Secretary of Labor's determination regarding prevailing wage rates or proper classifications.

## II

### *Failure to State A Claim upon Which Relief can be granted*

Plaintiff's complaint and the exhibit [1] attached thereto reveal the following sequence of events:

On June 29, 1967, a construction contract was awarded by the Department of Navy to plaintiff for the construction of a modern training center at Avoca, Pennsylvania. Included in the contract specifications were the contract clauses required by 29 C.F.R. § 5.5 and Department of Labor Decision AG–9, 726. Among other things, 29 C.F.R. § 5.5 provides as follows:

"The contractor will submit weekly a copy of all payrolls to the [agency] . . . The copy shall be accompanied by a statement signed by the employer or his agent indicating that the payrolls are correct and complete, that the wage rates contained therein are not less than those determined by the Secretary of Labor and that the clas-

---

1. We note that in paragraph 10 of the complaint, plaintiff indicates that "[a]ttached hereto, incorporated herein and marked Exhibit 'A' is a copy of said Board's decision." Exhibit "A" is a copy of the report filed on April 19, 1971, by the Wage Appeals Board regarding the hearing before it on February 18, 1971. Rule 10(c) of the Federal Rules of Civil

Procedure authorizes the incorporation of an exhibit attached to a pleading and makes it an integral part of the pleading for all purposes. See Schnell v. City of Chicago, 407 F.2d 1084 (7th Cir. 1969); Sylgab Steel & Wire Corp. v. Strickland Transportation Co., 270 F.Supp. 264 (E.D. N.Y.1967).

sifications set forth for each laborer or mechanic conform with the work he performed. . . . "

Pursuant to a labor standard compliance investigation made of plaintiff, the Department of Navy discovered that thirteen employees of plaintiff had been underpaid in violation of the Davis-Bacon Act, 40 U.S.C. § 276a et seq., the Contract Work Hours and Safety Standards Act, 40 U.S.C. § 327 et seq., and of contract requirements relating thereto. Upon plaintiff's refusal to pay $2,949.94 in restitution and liquidated damages found due, the Department of Navy transferred the complete record to the Department of Labor pursuant to 29 C. F.R. Part 5, recommending debarment of plaintiff and withholding from amounts otherwise due plaintiff, sufficient funds to cover the sum of restitution and damages.

In a letter setting forth in detail the violations charged, and a summary of the investigative findings, the Deputy Administrator, Wage and Hour and Public Contracts Division, United States Department of Labor, offered plaintiff an opportunity to present evidence in rebuttal at an informal proceeding before the Regional Director in Philadelphia. Subsequently, pursuant to 29 C.F.R. § 5.6(c), this informal hearing was held in Philadelphia on November 25, 1969. The Regional Director as Hearing Officer, considered the oral testimony of Joseph W. Montgomery, President of plaintiff, Framlau Corporation, Richard Montgomery, Secretary of Framlau Corporation, and representatives of the Department of Navy, as well as documentary evidence contained within the investigation file. The decision of the Regional Director upheld the findings of the Navy Department that, inter alia, plaintiff had violated the contract labor standards provisions of the contract required by the Davis-Bacon Act and the Contract Work Standards Act.

On December 10, 1969, the Regional Director communicated his decision in the matter to the contractor pointing out that plaintiff had the right to file objections with the Solicitor of Labor pursuant to 29 C.F.R. § 5.6. On December 23, 1969, plaintiff filed an appeal before the Solicitor. However, in order to assure that the record reflected that plaintiff had had notice and an opportunity to fully rebut the charges made in the Deputy Administrator's October 17th letter, the matter was remanded on May 7, 1970, to the Regional Director for the purpose of supplementing the record developed pursuant to 29 C.F.R. § 5.6(c). The Regional Director was directed to show his ruling upon each of plaintiff's assertions made at the informal hearing on November 25, 1969, and to include a statement of the reasons for his findings and conclusions. On May 25, 1970, the Regional Director issued a formal decision in the matter in which he reaffirmed his earlier decision.

Following this action, in accordance with 29 C.F.R. § 5.6(c)(3), the Solicitor of Labor, on appeal in this matter, made findings from the entire record in the case and affirmed the decision of the Regional Director.

Plaintiff was advised of its right under 29 C.F.R. §§ 5.6 and 7.9 to make a further appeal to the Wage Appeals Board. When no timely appeal was filed, the Solicitor forwarded the entire record to the Comptroller General of the United States, concurring in the Department of Navy's debarment recommendation under Section 3(a) of the Davis-Bacon Act.

Before the Comptroller made a ruling in the matter, the plaintiff requested a hearing before the Wage Appeals Board. Although the request was out of time, the Comptroller and the Board agreed to allow plaintiff to file its appeal with the Board. Accordingly, the Wage Appeals Board conducted an oral hearing on February 18, 1971, at which plaintiff and two of its employees were present. The Board reviewed the entire record as it was then constituted, including the oral and written presentations made by and on behalf of the plaintiff. On April 19, 1971, the Wage Appeals Board, in making a final determination against plain-

tiff, confirmed that plaintiff underpaid the thirteen employees there involved and concluded that plaintiff should be required to reimburse them in the amounts previously found due by the Department of Navy, the Regional Director, and the Solicitor of Labor. However, the Board did not believe that the record before it sustained a finding for debarment of plaintiff and so recommended to the Comptroller General.

On May 27, 1971, funds withheld from plaintiff were transferred to the office of the Comptroller General for disbursement to the thirteen employees. Plaintiff thereupon requested the Comptroller General to grant a further hearing. Upon the Comptroller General's denial of this request, plaintiff instituted the present action.

In paragraphs 13 through 16 of the complaint, plaintiff sets forth the following allegations:

"13. It is averred that the actions of the defendants referred to above have denied plaintiff of its rights of due process of law in that no witnesses were called or testified against plaintiff at the evidentiary hearing held before the Wage Appeals Board on February 18, 1971, although plaintiff had requested that the Department of Navy produce its witnesses, including the original Navy investigator and that it also produce the thirteen employees involved.

"14. Plaintiff was not given the opportunity to cross-examine any witnesses, although said witnesses were vital for the purposes of establishing both the basis of the claim against plaintiff and the denial to said claim.

"15. It is also averred that the hearing was conducted although plaintiff protested that said hearing should be continued until the witnesses could be produced.

"16. It is averred that neither the regulations governing the hearings held before the Wage Appeals Board or the actual conduct of the hearing afforded plaintiff due process of law."

In view of the foregoing, it is clear that the thrust of plaintiff's cause of action is that the procedures carried out during the hearing before the Wage Appeals Board, denied plaintiff the right to due process of law in that plaintiff was not given the right to confront and cross-examine witnesses against it, namely, certain of its employees and certain Government officials. The Government moves to dismiss plaintiff's complaint on the grounds that plaintiff has failed to state a claim upon which relief can be granted. Fed.R.Civ.Pro. 12(b)(6).

■ In viewing the Government's motion to dismiss, we must determine whether the well pleaded facts, accepted as true and considered in the light most favorable to plaintiff, are sufficient to constitute a valid claim. Melo-Sonics Corporation v. Cropp, 342 F.2d 856 (3rd Cir. 1965); United States Steel Corp. v. United Mine Wkrs. of Amer., 320 F. Supp. 743 (W.D.Pa.1970); United States v. Provident National Bank, 259 F.Supp. 373 (E.D.Pa.1966), cert. denied, 385 U.S. 1034, 87 S.Ct. 778, 17 L.Ed.2d 682 (1967). The test most often applied to determine the sufficiency of the complaint was set out in the leading case of Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), in which the Supreme Court stated that:

"In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 at 45–46, 78 S.Ct. at 102.

The Government contends that plaintiff's allegations of denial of due process are unfounded because the Department of Labor was conducting a general fact-finding investigation wherein it was not necessary to employ procedures which have traditionally been associated with the judicial process. In urging that plaintiff erroneously characterizes the

procedures of the Department of Labor as adjudicatory, the Government calls our attention to Hannah v. Larche, 363 U.S. 420, 80 S.Ct. 1502, 4 L.Ed.2d 1307 (1960). In *Hannah,* supra, the Supreme Court emphasized that:

> ". . . when governmental action does not partake of an adjudication, as for example, when a general fact-finding investigation is being conducted, it is not necessary that the full panoply of judicial procedures be used. Therefore, as a generalization, it can be said that due process embodies the differing rules of fair play, which through the years, have become associated with differing types of proceedings. Whether the Constitution requires that a particular right obtain in a specific proceeding depends upon a complexity of factors. The nature of the alleged right involved, the nature of the proceeding, and the possible burden on that proceeding, are all considerations which must be taken into account." 363 U.S. at 442, 80 S. Ct. at 1514–1515.

■ In the context of the instant case, the procedures established by the regulations which were followed in the instant case do not violate procedural due process regardless of whether the proceedings are characterized as fact-finding or adjudicatory.

Plaintiff limits his claim as to invalid procedure to the Wage Appeals Board proceedings and plaintiff does not complain that the total scheme of the enforcement procedures carried out by the Secretary of Labor deprived it of due process of law. Plaintiff has not alleged that it was denied any rights in the proceedings prior to the hearing before the Wage Appeals Board. There is no allegation that plaintiff requested or was refused an opportunity to confront and cross-examine witnesses at the informal hearing before the Regional Director. The regulations of the Department of Labor do not specifically preclude, upon request, such confrontation and cross-examination at the initial informal hearing. The hearing involved a dispute concerning the payment of prevailing wage rates or proper classifications. Restitution was found due employees who had been classified as laborers and who were found in fact to have performed work requiring payment at the higher contract rate of electricians and plumbers.

The procedures followed by the Secretary of Labor in resolving this dispute were exactly those prescribed in the Code of Federal Regulations. Title 29, Subtitle A, Part 5. Section 5.6(c)(1) of these Regulations provide in pertinent part as follows:

> "Whenever as a result of an investigation conducted by the Agency, . . . the Deputy Administrator of the Wage and Hour and Public Contracts Divisions, Department of Labor, finds reasonable cause to believe that a contractor . . . has committed violations of the Davis-Bacon Act which constitute a disregard of its obligations to employees . . . under section 3(a) thereof, he shall promptly notify by registered or certified mail the contractor . . . of the finding and afford such contractor . . . an opportunity to present such reasons or considerations as they have to offer relating to why debarment action should not be taken under paragraph (b) of this section or section 3(a) of the Davis-Bacon Act. The Deputy Administrator shall furnish to those notified a summary of the investigative findings and shall make available to them any information disclosed by the investigation which is not privileged or found confidential for good cause. If this opportunity is requested, an informal proceeding shall be held before a hearing examiner, a regional director of the Wage and Hour and Public Contracts Divisions, or any other Departmental officer of appropriate ability. At the conclusion of the informal proceeding, the presiding officer shall issue his decision which shall be served by registered or certified mail upon the interested parties.

"Within 30 days after service of the decision, any party may file objections to the decision with the Solicitor of Labor, United States Department of Labor . . . such objection shall be specific, and shall be accompanied by reasons or basis therefor. In his discretion, the Solicitor may permit oral argument. . . .

"The decision of the Solicitor shall show a ruling upon each objection presented, and shall include a statement of (i) the findings and conclusions as well as the reasons or basis therefor, upon all material issues of fact, law, or discretion presented on the record, and (ii) an appropriate order or recommendation. The decision of the Solicitor shall be final, except in cases accepted for review, upon petition, by the Wage Appeals Board and in cases under section 3 of the Davis-Bacon Act as to any action to be taken by the Comptroller General under that section."

We note that plaintiff has contracted for the aforementioned enforcement procedures carried out by the Secretary of Labor in this case. In this regard, we must point out that paragraph 25 of plaintiff's contract with the Department of Navy provides as follows:

"Disputes arising out of the labor standards provisions of this contract shall be subject to the Disputes Clause except to the extent such disputes involve the meaning of classification or wage rates contained in the wage determination decision of the Secretary of Labor or the applicability of the labor provisions of the contract which *questions shall be referred to the Secretary of Labor in accordance with the procedures of the Department of Labor.*" (Emphasis added).

The procedures utilized at each stage of the proceedings in this case were in accordance with the Code of Federal Regulations and Plaintiff's contract. There is no allegations by plaintiff that those procedures have not been followed by the Government. Indeed, plaintiff's allegations clearly show that plaintiff availed itself of all of the aforementioned procedures.

Nevertheless, despite the fact that plaintiff has pursued and has availed itself of all the rights and remedies provided for in its contract and the Regulations, plaintiff alleges that it was denied due process at the appellate level during the hearing before the Wage Board of Appeals. Plaintiff did not seek to cross-examine or confront any witnesses at earlier stages of the proceedings in the case. For the first time, on appeal before the Wage Appeals Board, after a prior unsuccessful appeal to the Solicitor of Labor, plaintiff requested rights which he had foregone previously.

Plaintiff misconceives the nature of an appellate body, and apparently wishes to convert the appellate proceedings before the Wage Appeals Board into a hearing similar to the one previously conducted before the Regional Director. A hearing before the Wage Appeals Board is an appellate and not an evidentiary hearing. There is no obligation on the part of the Department of Navy to produce witnesses and plaintiff does not have a right to cross-examine or confront witnesses at a Wage Appeals Board hearing. Such a hearing is limited to arguments on the facts as developed in the record and the law as applied to the facts of a case. The Board acts within its rules and customary appellate procedures by proceeding with a hearing without the productions of witnesses as requested by plaintiff. The Board's rule 29 C.F.R. § 7.1(e) provides:

"The Board is an essentially appellate agency. It will not hear matters de novo except upon a showing of extraordinary circumstances. It may *remand under appropriate instructions any case for the taking of additional evidence and the making of new or modified findings by reasons of the additional evidence.*"

The Wage Board of Appeals as an appellate body affirmed the findings of the

Department of Navy, The Regional Director, and the Solicitor of Labor. We note that plaintiff has not alleged that there were any extraordinary circumstances whereby the Board, in its discretion, might hear this particular matter de novo.

 The Department of Labor's regulations provide for review of alleged violations first by the field representative of the contracting agency involved, the Department of Labor, and finally the Wage Appeals Board. The regulations of the Department of Labor are addressed to and reasonably adopted to the enforcement of the Davis-Bacon Act. Since the regulations are not in conflict with any express statutory provision, they have the force and effect of law. See Maryland Casualty Company v. United States, 251 U.S. 342, 343, 40 S. Ct. 155, 64 L.Ed. 297 (1920); United States v. Birdsall, 233 U.S. 223, 231, 34 S.Ct. 512, 58 L.Ed. 930 (1914); United States v. Smull, 236 U.S. 405, 409, 411, 35 S.Ct. 349, 59 L.Ed. 641 (1915); United States v. Morehead, 243 U.S. 607, 37 S.Ct. 458, 61 L.Ed. 926 (1917). We believe that this deliberate step-by-step review provided by the Department of Labor's procedures as set forth in plaintiff's allegations, comported with minimum standards of procedural due process.

Although a motion to dismiss for failure to state a claim is viewed with disfavor, such dismissal must be granted in the instant case since the court has determined that it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. Conley v. Gibson, supra; Cook & Nichol, Inc. v. Plimsoll Club, 451 F.2d 505 (5th Cir. 1971); Nevels v. Wilson, 402 F.2d 479 (5th Cir. 1968); Schaedler v. Reading Eagle Publication, Inc., 370 F.2d 795 (3rd Cir. 1967); Starr v. Parks, 345 F.Supp. 795 (D.Md.1972); Jacksonville Newspaper Print. P. & A. U. No. 57 v. Florida Pub. Co., 340 F.Supp. 993, (M.D.Fla.1972); Northeastern Pa. Nat. Bank & T. Co. v. Sandvick Steel, Inc., 325 F.Supp. 651 (M.D.Pa.1971); Lavender v. United Mine Workers of America, 285 F.Supp. 869 (S.D.W.Va.1968); Bowman v. Hartig, 334 F.Supp. 1323 (S.D.N.Y.1971); United States v. Van Raalte Co., 328 F. Supp. 827 (S.D.N.Y.1971).

For the foregoing reasons, the Government's motion to dismiss is hereby granted.