AD HOC GRANITE TRADE GROUP, PLAINTIFF *v.* UNITED STATES, DEFENDANT, AND CAMPOLONGHI ITALIA S.P.A., ET AL., AND INGEMAR, S.A. AND INGEMAR-GA, S.A., AND ROUBIN & JANERIO, INC., ET AL., DEFENDANT-INTERVENORS

Court No. 88–08–00653

MEMORANDUM OPINION AND ORDER

*Robins, Kaplan, Miller and Ciresi (Charles Johnston, Jr., Pamela Deese)* for plaintiffs.

*John R. Bolton,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*M. Martha Riese*) for defendant.

*Dow, Lohnes and Albertson (William Silverman, Ryan Trainer)* for defendant-intervenors Campolonghi Italia S.p.A., *et al.*

*Kaplan, Russin and Vecchi (Kathleen Patterson, Dennis James, Jr.)* for defendant-intervenors Ingemar, S.A., *et al.*

*Stokes, Shapiro, Fussell, and Wedge (McNeill Stokes, Stephen Farish)* for defendant-intervenors Roubin & Janerio, Inc., *et al.*

MUSGRAVE, *Judge:* Defendant-Intervenors Campolonghi *et al.,* bring a Motion to Dismiss with prejudice Counts 1 through 6 and certain portions of Court 7 of plaintiff's Complaint based on plaintiff's alleged failure to properly invoke this Court's jurisdiction. The defendant's main argument is that the plaintiff's failure to recite the appropriate jurisdictional code section, 19 U.S.C.A. § 1516(a)(3), violates USCIT Rule 8(a) which states, in part, that plaintiff's Complaint must include "a short and plain statement of the grounds upon which the Court's jurisdiction depends." Defendant-Intervenors cite *Georgetown Steel Corp.* v. *U.S.* 801 F. 2d 1308 (Fed. Cir. 1986) and *Baldwin County Welcome Center* v. *Brown* 466 U.S. 147 (1984) in support of their argument that the procedural rules of the Court must be strictly adhered to, and that failure to follow them must result in dismissal.

Plaintiff responds that failure on its part to recite a particular code section cannot deprive the Court of jurisdiction. Plaintiff cites *Conley* v. *Gibson* 355 U.S. 41 (1957) and *Beeler* v. *U.S.* 338 F.2d 687 (3rd Cir. 1964) for the proposition that the standard for pleadings is fair notice to the parties, not citation to specific statutory provisions or subsections. In the alternative, plaintiff argues that the sections of the code that were cited can be read to confer jurisdiction upon the Court.

In *Conley, supra,* a Motion to Dismiss was filed for, among other reasons, failure to state a claim upon which relief could be granted. Although *Conley* and the instant case are not precisely analogous, the Court used language useful for analyzing this case. The Court held:

> The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests * * * Such simplified "notice pleading" is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both the claim and defense and to define more narrowly the disputed facts and issues * * * The Federal Rules *reject the approach that pleading is a game of skill in which one*

*misstep by counsel may be decisive to the outcome* and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits (emphasis supplied).

*Id.* at 47–48, *citing Maty* v. *Grasselli Chemical Co.,* 303 U.S. 197 (1937).

*Beeler* v. *United States, supra,* is closer factually to the facts involved here. In that case, plaintiffs failed to invoke the "Suits in Admiralty Act" in their Complaint and defendant argued that this failure acted to deprive the Court of jurisdiction. The Court held:

> It is well settled that the recitation of a statute can neither deprive a court of jurisdiction nor confer jurisdiction upon it. *It is the operative facts pleaded which alone can do that * * * To hold that, having set forth facts which if proved would entitle him to recover, a plaintiff in a case like the present one loses, beyond hope of redemption, the right to pursue his action because he has cited the wrong statute as the basis for it would be indeed a sterile technicality. *Id.* at 689 (emphasis supplied).

Similarly, in *Framlau Corporation* v. *Dembling,* 360 F.Supp. 806 (1973), the Court stated "[a]though plaintiff has failed to cite a valid jurisdictional statute as a basis for its complaint, Rule 8(a)(1) of the Federal Rules of Civil Procedure[1] only requires that a pleading setting forth a claim for relief contain a short and plain statement of the grounds upon which the Court's jurisdiction depends. If there is a statement in the complaint sufficient to give the court jurisdiction, the particular statute conferring jurisdiction need not be specifically pleaded." *Id.* at 808, *citing William* v. *United States,* 405 F.2d 773, 776 (9th Cir. 1969); *Chasis* v. *Progress Manufacturing Company,* 382 F.2d 773, 776 (3rd Cir. 1967); *Sikora* v. *Brenner,* 126 U.S. App. D.C. 357, 379 F.2d 134, 136 (1967); *Paynes* v. *Lee,* 377 F.2d 61, 63 (5th Cir. 1967); *Ivey* v. *Frost,* 346 F.2d 115 (8th Cir. 1965); *Eidschun* v. *Pierce,* 335 F. Supp. 603, 615 (S.D. Iowa 1971); *Uhler* v. *Commonwealth of Pennsylvania,* 321 F. Supp. 490, 491 (E.D.Pa. 1970).

Plaintiff in this action would be unjustly denied his day in Court were this court to deny access: the plaintiff here has clearly cited facts upon which the Court's jurisdiction can be predicated. Plaintiff's Complaint, paragraph one, states unequivocally the basis of the plaintiff's grievance and shows adequate basis for the Court to retain jurisdiction of this matter. To wit:

> Plaintiff seeks judgment on the administrative record reversing or in the alternative remanding certain portions of the final affirmative determination of sales at less than fair value made by the International Trade Administration ("ITA") of the United States Department of Commerce and the final negative determination of no material injury by reason of imports of certain granite from Italy and Spain made by the United States Inter-

---

[1]The language of the Federal Rule of Civil Procedure, 8(a)(1) is the same as that in USCIT Rule 8(a)(1).

national Trade Commission ("the Commission"). The portions of the ITA administrative determination which Plaintiff seeks to reverse had the effect of lowering the final Italian dumping margins determined by the ITA. Plaintiff seeks to reverse the Commission's determination of no material injury by reason of imports from Italy and Spain. *Complaint,* at 1–2.

Plaintiff goes on to cite to sections of the Tariff Act of 1930, including, as amended, 19 U.S.C.A. § 1516(a)(a)(2)(B)(i)–(ii) in support of its jurisdictional claim. Clearly, as shown by the above language, this Court has jurisdiction of this case and the plaintiff's failure to cite 19 U.S.C.A. § 1516(a)(3) specifically cannot be used as reason to dismiss a valid Complaint.

The defendant's reliance on *Georgetown Steel, supra,* and *Baldwin County Welcome Center, supra,* is inappropriate in this instance. In both of those cases the Court was dealing with the timeliness of filing of Court documents. There is no dispute here as to that issue. Plaintiff's Complaint was timely filed. Similarly, the defendant United States in their Memorandum in Support of Defendant-Intervenors' Motion to Dismiss, cite case law for the proposition that the United States cannot be sued except as it consents to be sued and that the plaintiff's failure to premise the Court's jurisdiction on 19 U.S.C.A. § 1516(a)(3) violates this precedent. This Court has no quarrel with defendant's basic assertion, but finds that it does not apply here. That is, this Court finds that the plaintiff's Complaint is in compliance with the terms of USCIT Rule 8, and thus is within the terms of the Government's consent.

For the above stated reasons there is no reason to require the plaintiff to amend the Complaint by citing a particular Statutory Section. The Defendant-Intervenors' Motion to Dismiss and defendant's proposed Order of Dismissal are therefore denied.

The Court has considered Plaintiff's request for attorney's fees, costs and expenses incurred. The Court is disturbed by the frivolous nature of the Defendant-Intervenor's motion, and the reliance upon clearly inappropriate cases (specifically, those relating to timeliness) but withholds decision, for the present, on any USCIT Rule 11 sanctions.