Lewis O. NEVELS, Appellant,

v.

Howard E. WILSON, Monroe County Tax
Collector, Key West, Florida,
Appellee.

No. 25812.

United States Court of Appeals
Fifth Circuit.

Oct. 24, 1968.

Lewis O. Nevels, in pro. per.

Robert John Paterno, Taylor, Brion, Buker, Hames & Greene, Miami, Fla., for appellee.

Before TUTTLE, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

Plaintiff-appellant filed a complaint on March 16, 1967, against Defendant-appellee, Howard E. Wilson, Monroe County Tax Collector, for damages allegedly sustained by appellant in an automobile accident with a third party. In response to defendant's motion for a more definite statement, plaintiff filed an amended complaint.

Plaintiff's complaint, as amended, alleged that he sustained damages when an automobile operated by Roderick Mayhew McCall collided with plaintiff's motor vehicle. It is further alleged that defendant failed to properly fulfill his duty as tax collector by negligently reselling McCall's license tag after it had been returned to the tax collector under the Florida Refund Statute. Due to this error, plaintiff contends he was hindered in discovering the true identity of the original tort-feasor, McCall.

Defendant-appellee filed a motion to dismiss the amended complaint for failure to state a claim upon which relief can be granted. It appearing that plaintiff did not request leave to amend the amended complaint, the District Court dismissed the complaint with prejudice. The granting of defendant's motion to dismiss was not error. The complaint, as amended, fails to establish a duty of care owed by the defendant to the plaintiff. In addition, both causation and damages are extremely remote.

A motion to dismiss a complaint should be sustained where plaintiff cannot establish any meritorious claim against the defendant under any theories proposed in his pleading. John Walker & Sons v. Tampa Cigar Company, 197 F.2d 72 (5 Cir., 1952). Plaintiff fails to establish any meritorious claim in his amended complaint.

The judgment of the District Court is

Affirmed.