**Marilyn KUZMINS, Plaintiff,**

v.

**EMPLOYEE TRANSFER CORPORATION, Defendant.**

**Civ. A. No. C 84–1239.**

United States District Court, N.D. Ohio, E.D.

July 18, 1984.

Joan K. Pellegrin, Joseph J. Marcoguiseppe, Marcoguiseppe, Pellegrin & Zone, Lakewood, Ohio, for plaintiff.

Kenneth J. Walsh, Cleveland, Ohio, John McAvinn Gale, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Pending before this Court is defendant's Motion to Strike and Dismiss Portions of Plaintiff's Complaint and for Sanctions. Plaintiff's claim under 42 U.S.C. § 1983 for violations of her Fifth and Fourteenth Amendment rights are without merit, and are dismissed. The Motion for Sanctions is granted.

### I.

In this sex discrimination case, plaintiff Marilyn Kuzmins alleges that the defendant Employee Transfer Corporation ("ETC") violated Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*) and the Fifth and Fourteenth Amendments to the Constitution in contravention of 42 U.S.C. § 1983. She invokes jurisdiction pursuant to 42 U.S.C. § 2000e–5(f) and 28 U.S.C. § 1343(4), and demands a jury trial. ETC denies the allegations, and seeks dismissal of Kuzmins' § 1983 claim as unfounded. Furthermore, ETC seeks

sanctions against Kuzmins for the time spent researching and responding to the frivolous claims.

## II.

### A.

Kuzmins' claim under 42 U.S.C. § 1983 must fail for lack of state action. Title 42 U.S.C. § 1983, and its jurisdictional counterpart, 28 U.S.C. § 1343, only apply where the defendant has deprived the plaintiff of her constitutionally protected rights while acting under color of state law. *Rendell-Baker v. Kohn,* 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982). There is no claim by Kuzmins that ETC was acting under color of state law. In response to ETC's Motion to Strike parts of the complaint, Kuzmins concedes that her allegation of § 1983 violations are without merit, and occurred only as a result of "clerical error". Accordingly, the Motion to Strike Kuzmins' § 1983 allegations is granted.

### B.

Kuzmins demands a jury trial in this Title VII action. The rule is well established that a Title VII action does not include a right to trial by jury. *Lehman v. Nakshian,* 453 U.S. 156, 169, 101 S.Ct. 2698, 2706, 69 L.Ed.2d 548 (1981). Kuzmins claims that this is a "changing area of the law" and suggests that the rules might change by the time of the trial. Her argument is not persuasive. The Motion to Strike the jury demand is granted.

## III.

ETC moves this Court for sanctions for the time expended in responding to frivolous claims. Fed.R.Civ.P. 11, as amended in 1983, is intended to reduce the reluctance of the court to impose sanctions.[1] Under the old rule, an attorney was held to a standard of "good faith". *Nemeroff v. Abelson,* 620 F.2d 339 (2d Cir.1980). The notes of the advisory committee to Fed.R.Civ.P. 11 suggest that the sanctions of Rule 11 have not been applied in the past. The 1983 amendment is intended to encourage attorneys to engage in inquiry and investigation into the facts and the law so that the allegations are well grounded. The rule is not intended to inhibit an attorney's creativity, but to streamline the process and avoid abuses. It appears that grounds for imposing sanctions exist. If Kuzmins' counsel had made even minimum inquiry into the law before signing the complaint, no "clerical error" would have occurred.

This Court concludes that while Kuzmins' complaint states a claim under Title VII, the Motion to Dismiss Kuzmins' claims under 42 U.S.C. § 1983 and the Motion to Strike the jury demand must be granted. The Motion for Sanctions is also granted. Kuzmins' counsel is directed to pay $100.00 to defendants' counsel within 30 days of the date of this order.

IT IS SO ORDERED.

---

1. Fed.R.Civ.P. 11 states in pertinent part:
   Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated.

   \* \* \* \* \* \*

   The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law, or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

   \* \* \* \* \* \*

   If a pleading, motion or other paper is signed in violation of this rule, the court, ... shall impose upon the person who signed it ... an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee.