**Jurldine A. DONALDSON, Plaintiff,**

v.

**Paul V. CLARK, et al., Defendants.**

**No. Civ. A. 84–467–2–MAC.**

United States District Court,
M.D. Georgia,
Macon Division.

March 29, 1985.

James W. Howard, Atlanta, Ga., for plaintiff.

Katherine Kalish, Macon, Ga., Charles R. Adams, Jr., Alvin C. McDougald, Gregory Homer, Fort Valley, Ga., for defendants.

OWENS, Chief Judge:

On November 26, 1984, plaintiff Jurldine A. Donaldson, by her attorney, filed a complaint in this court alleging a 42 U.S.C. § 1983 civil conspiracy surrounding and growing out of a state court domestic relations civil action that has been proceeding since April 6, 1984, in the Superior Court of Peach County, Georgia. In the state court proceeding plaintiff Jurldine A. Donaldson, who is some fifty-five or fifty-six years of age, is being sued for divorce by her eighty-one-year-old husband, Jarrell H. Donaldson. Their marital relationship began in June, 1983. The alleged civil conspirators are the following defendants:

(a) Superior Court of Peach County Judges Walker Johnson and Tommy Day Wilcox.

(b) State Court Magistrates George W. Harris and John W. Smisson.

(c) Deputy Sheriff Joe L. Wilder of the Peach County Sheriff's Department.

(d) Paul V. Clark, Sara C. Clark, Eugene Shelley, and Ruby Shelley, friends and/or relatives of Jarrell H. Donaldson by marriage.

In her complaint signed by her attorney, James W. Howard of Floyd, Howard & Ware, Suite 501, The Grant Building, 44 Broad Street, Atlanta, Georgia 30303, plaintiff prayed for injunctive relief. By separate petition and brief plaintiff prayed for a preliminary injunction or temporary restraining order and requested an oral hearing. These prayers and requests caused the entire file to be immediately presented to this judge for consideration.

Upon reading the complaint, petition, and brief, this judge directed a law clerk to contact plaintiff's counsel and request a brief demonstrating that this court has some possible jurisdiction of the matters set forth in plaintiff's complaint. On December 21, 1984, plaintiff's supplemental brief was received. As to the alleged constitutional right that Mrs. Donaldson is being deprived of, Mr. Howard in that brief stated:

In the present case, it is the state court proceeding itself which is depriving Plaintiff of her constitutional rights. The action itself, and the judicial orders entered therein, continue to deprive Plaintiff of her privacy, liberty, contract and marital rights.

'The function or purpose of an injunction is to restrain action or interference of some kind, to furnish preventive relief against irreparable mischief or injury, or to preserve the status quo.' 43 CJS Injunctions § 2.

The state proceeding is interfering with Plaintiff's rights and causing irreparable injury. Plaintiff's relief is contingent upon a preservation of the status quo. In the absence of this court's injunctive relief, the deprivation of her constitutional rights are without remedy. Plaintiff reiterates her position in the previous Brief that, 'where federally protected rights have been invaded, it has been the rule from the beginning that courts will be alert to adjust their remedies so as to grant the necessary relief.' *Bivins, [v. Six Unknown Named Agents of Federal Bureau of Narcotics ] supra,* [403 U.S. 388] at 392, [91 S.Ct. 1999, 2002, 29 L.Ed.2d 619] quoting *Bell v. Hood,* 327 U.S. 678, 684 [66 S.Ct. 773, 777, 90 L.Ed. 939] (1946).

Supplemental Brief of Plaintiff at 5.

Upon reading that brief and again examining the file, this judge, on January 2, 1985, wrote Mr. Howard:

Dear Mr. Howard:

I am unaware of any case which supports your suggestion that this court has jurisdiction over the matters set forth in the subject civil action. Until such a case is brought to the court's attention it would be inappropriate to set the matter down for a hearing.

Sincerely,
United States Judge

P.S. The file indicates that no defendants have been served. Service is your responsibility.

On January 5 and 7, 1985, the defendants were personally served.

The defendants filed motions to dismiss and for the award of attorneys' fees and costs. Upon learning of said motions, this judge sent the following to counsel:

January 29, 1985
MEMORANDUM TO COUNSEL

*Re: Donaldson v. Clark—C.A. 84-467-2-MAC*

Dear Counsel:

This confirms the court's instruction to our clerk to notify you that defendant Wilcox's motion will be heard upon oral argument as soon as a written response has been received from the plaintiff. Plaintiff should realize that no extensions of time will be granted for the filing of such a response.

From the outset the court has questioned its jurisdiction over the allegations set forth in the plaintiff's complaint. Upon the hearing of this motion the court desires, under Rule 11 of the Federal Rules of Civil Procedure, to hear from the parties on the question of whether or not this complaint was filed in this United States `court in good faith. Counsel's attention is called to the last sentence of Rule 11. A copy of the Rule is attached.

Sincerely,
United States Judge

Encl

Copy to:

Kathryn Allen

James W. Howard

Charles Adams, III

Katherine M. Kalish

Alvin C. McDougald

Gregory Homer

On Thursday, February 21, 1985, the possibility of the court imposing Rule 11 sanctions on plaintiff's attorney, as well as the merits of all pending motions to dismiss and for an award of attorneys' fees, were heard. Matters outside the pleadings having been presented by all parties and not excluded by the court; the court advised all parties that all motions to dismiss would be treated as motions for summary judgment. Time to present all Rule 56 material was provided for. Rule 12(b), Federal Rules of Civil Procedure. The record having been supplemented and the parties having been heard from, it is now appropriate for the court to decide said motions and to give consideration to possible Rule 11 sanctions.

*The Material Undisputed Facts*

From around 1959 until her death in August, 1982, Jarrell H. Donaldson was married to Annie Ellafaye Donaldson. Defend-

ant Eugene Shelley was Annie E. Donaldson's son by a prior marriage.

For several years before her death, Mrs. Annie E. Donaldson was in one or more nursing homes. Plaintiff Jurldine lived next door to the Donaldsons and also worked as a nurse's aide in one of those nursing homes; as such, she cared for Mrs. Annie Donaldson. Plaintiff Jurldine also cared for Mr. Donaldson to some extent during the same period of time.

About a year before Mrs. Annie Donaldson died, plaintiff Jurldine's husband died; she then sold her home and moved to Washington. Plaintiff Jurldine from time to time inquired about Mrs. Annie Donaldson and a few months after learning of Mrs. Annie E. Donaldson's death, returned to Fort Valley.

Mr. Jarrell H. Donaldson on November 29, 1982, by deed recorded in deed book 64 at page 798 in the Office of the Clerk of the Superior Court of Houston County, Georgia, conveyed title to his house and ten acres of land to his step-daughter's husband, Paul V. Clark, reserving a life estate unto himself. By instrument recorded in book 68 at page 628 in said clerk's office, Mr. Donaldson also executed a general power of attorney to Mr. Clark. In addition, Mr. Donaldson conveyed all his personal property[1] irrevocably to Paul V. Clark as Trustee to manage, invest, and pay all income to Mr. Donaldson plus such of the principal as Mr. Donaldson might need. At Mr. Donaldson's death the corpus is to be paid to Sara C. Clark, Mrs. Annie Donaldson's daughter and Paul V. Clark's wife. Mrs. Ruby Shelley told plaintiff Jurldine of these conveyances.

On July 26, 1983, plaintiff Jurldine married Jarrell H. Donaldson and soon began inquiring about the prior transfers of real and personal property. On September 26, 1983, Jarrell H. Donaldson revoked the power of attorney to Paul V. Clark. On November 10, 1983, Mr. Donaldson gave plaintiff Jurldine a power of attorney, and plaintiff Jurldine again asked Paul V. Clark about Jarrell H. Donaldson's trust property. By March 8, 1984, plaintiff Jurldine had engaged a lawyer to represent her and Mr. Donaldson, and requested information of Mr. Clark. Mr. Clark responded through the attorney who had prepared the deed and trust instrument.

Around March 30, 1984, plaintiff Jurldine went to Texas. While she was gone, Ruby Shelley took Jarrell H. Donaldson to a lawyer's office where a complaint for divorce was prepared, signed by the lawyer and by Jarrell H. Donaldson; and on April 6, 1984, filed in the Superior Court of Peach County, Georgia. Also prepared and filed was a "MOTION FOR A PROTECTIVE ORDER" praying for an order restraining and enjoining plaintiff Jurldine from coming in, on, or near the home in which Jarrell H. Donaldson has a life estate. On April 6th, defendant Judge Walker P. Johnson signed an order granting said motion and set the matter for hearing on April 20, 1984.

On April 7, 1984, plaintiff Jurldine returned from Texas and was personally served with the divorce complaint, motion, and court order.

On April 13, 1984, plaintiff Jurldine, by her attorney James W. Howard, filed her answer to the divorce complaint alleging that her marriage to Jarrell H. Donaldson is not irretrievably broken, that Mr. Donaldson's signature on the complaint "was made under duress and/or induced by fraud" and that a divorce should not be granted. From then until now, as a copy of the Peach County Superior Court file (at 351) shows, Jarrell H. Donaldson's effort to secure a divorce from plaintiff Jurldine has been strenuously contested, first before defendant Judge Walker P. Johnson and then before defendant Judge Tommy Day Wilcox.

Neither Judge Johnson nor Judge Wilcox has done anything in other than a judicial

---

**1.** According to Paul V. Clark's deposition of July 31, 1984, the corpus of Jarrell H. Donaldson's trust was valued at $92,114, all of which is in savings type certificates or accounts. Plaintiff Jurldine's attorney, by letter dated November 2, 1984, proposed "a settlement figure of $55,000 for my client from Mr. Donaldson's estate..." Superior Court Record at 233.

capacity and other than in connection with said divorce proceeding. The record of Peach County Superior Court documents their conduct in this matter.

As of November 26, 1984, the domestic dispute between the Donaldsons was still pending in the Superior Court of Peach County, had been assigned at request of plaintiff Jurldine's attorney to a superior court judge other than defendant Judges Johnson and Wilcox, and seemed to be proceeding like all such cases usually proceed in superior court.

Preceding Jarrell H. Donaldson's filing a divorce complaint on April 6, 1984, plaintiff Jurldine A. Donaldson, on January 5, 1984, reported to defendant Joe L. Wilder, a detective with the Peach County Sheriff's Department, that her son, Jerry Goins, had sold Jarrell H. Donaldson's boat and motor and converted the proceeds to his own use. Before defendant Magistrate George W. Harris, Mrs. Donaldson signed an affidavit alleging that her son committed the crime of theft by conversion; based upon said affidavit defendant Magistrate Harris issued a warrant for the arrest of Jerry Goins. Thereafter defendant Wilder investigated the allegation, located the boat, determined that Jerry Goins has sold it, and so advised plaintiff Jurldine. Subsequently plaintiff Jurldine withdrew the said warrant, stating she forgot she had sold the boat to her son.

On April 13, 1984, defendant Magistrate George W. Harris signed an affidavit before defendant Magistrate John W. Smisson alleging that plaintiff Jurldine, in securing a warrant for her son on January 5, 1984, committed the offense of false swearing; Magistrate Smisson issued a warrant for her arrest. On the same date, defendant Joe L. Wilder, after consulting Assistant District Attorney Wayne Tillis, signed an affidavit before defendant Magistrate George W. Harris alleging that plaintiff Jurldine committed the offense of falsely reporting a crime; Magistrate Harris issued a warrant for her arrest.

In her complaint plaintiff Jurldine states:

27.

Defendant HARRIS relayed information to JURLDINE that she could avoid criminal prosecution on said warrants if she did not contest the pending divorce action by JHD.

Plaintiff Jurldine was arrested on April 24, 1984. After a preliminary hearing before defendant Magistrate Smisson the cases were bound over to the grand jury. While plaintiff Jurldine alleges that defendants Wilder, Harris, and Smisson harassed and intimidated her to induce her not to contest Jarrell H. Donaldson's divorce complaint, plaintiff Jurldine has produced no affidavit of fact to support that allegation. On the other hand, defendants by affidavit have denied those allegations. Plaintiff has produced no factual connection between the issuance of the arrest warrants by defendants Wilder, Harris, and Smisson, and the divorce complaint proceedings in the Superior Court of Houston County, Georgia.

## Conclusions of Law

Plaintiff's complaint on its face arguably states a claim for relief within this court's jurisdiction under 42 U.S.C.A. § 1983 (West 1981). In *Dennis v. Sparks*, 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980), the Supreme Court held that private parties who successfully conspire to corrupt a state court judge in connection with an official judicial proceeding act under "color of state law" within the meaning of § 1983, and are amenable to suit under that statute despite the fact that the judge himself enjoys judicial immunity from suit. *Id.* at 29, 101 S.Ct. at 187. *See also Dykes v. Hosemann*, 743 F.2d 1488 (11th Cir.1984) (*rehearing en banc pending*). However, because of the seriousness of the allegations raised by plaintiff, as well as the historical reluctance of federal courts to interfere in state domestic relations proceedings, this court insisted that plaintiff move beyond the bare allegations of her complaint and submit factual support for her claims. A hearing was held on February 21, 1985, and plaintiff's counsel was clearly advised by the

court of its desire to pierce the pleadings and consider the matter on motion for summary judgment. Counsel was further advised that the court intended to consider the possibility of sanctions under Fed.R. Civ.P. 11, should it be determined that counsel never possessed factual support for his claims. Plaintiff has now received ample time in which to proffer a factual foundation which would arguably present material issues of fact precluding summary judgment. Plaintiff has failed to do so.

Defendants have each submitted affidavits denying participation in an alleged "conspiracy" to deprive plaintiff of her constitutional rights. Plaintiff has failed to respond to these affidavits. Plaintiff, despite her promise to do so, has failed to produce an affidavit from the individual alleged to have been advised by Magistrate Harris that criminal proceedings against plaintiff would be dropped if she agreed not to contest the divorce action. Nor has plaintiff produced any evidence of an *ex parte* communication by defendants Clark or Shelley to Judges Johnson or Wilcox in which defendants sought to corrupt the state proceedings. Unlike the decisions in *Dennis v. Sparks* and *Dykes v. Hosemann, supra,* there is absolutely no evidence of bribery, unusual cooperation, or unlawful solicitation in this case. Instead, plaintiff merely relies on the conclusory allegations of her complaint that the coexistence of various decisions and actions by defendants which are adverse to plaintiff's interests lead to the "inescapable conclusion" that an unlawful conspiracy exists.

Contrary to plaintiff's suggestion, such an inference is not raised by the limited facts set forth in plaintiff's complaint. Despite plaintiff's contentions, the record of the state proceedings refutes the allegation that Judge Wilcox "sought to expedite the divorce proceeding and terminate the marriage of the parties before any reconciliation could be effected." The record of the state proceedings demonstrates that continuances were granted at every request of the plaintiff. Additionally, the appointment and subsequent withdrawal of a guardian *ad litem* on Mr. Donaldson's behalf fails to raise any issue of impropriety. A superior court judge is clearly authorized to appoint a guardian *ad litem;* nothing in the state court record would suggest that this action was without any possible foundation in fact. Again, plaintiff has absolutely failed to proffer any evidence suggesting that the private party defendants have in any way attempted to corrupt the state court judges through any personal contact or communication.

■ Rule 56(e) of the Federal Rules of Civil Procedure provides in pertinent part:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Fed.R.Civ.P. 56(e). Defendants by affidavit have suggested that there is no genuine issue for trial. Plaintiff has failed to respond to these affidavits, and instead relies upon the mere allegations of her complaint. Under these circumstances, summary judgment is appropriate, and in fact demanded. Accordingly, defendants motions for summary judgment on all of plaintiff's claims are hereby GRANTED.

### *Rule 11 Sanctions*

■ Rule 11 of the Federal Rules of Civil Procedure was amended April 28, 1983, to provide, effective August 1, 1983:

Rule 11. Signing of Pleadings, Motions and Other Papers; Sanctions

Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated.

\*　　\*　　\*　　\*　　\*　　\*

The signature of an attorney or party constitutes a certificate by him that he

has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry *it is well grounded in fact* and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

\*     \*     \*     \*     \*     \*

If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

Fed.R.Civ.P. 11 (emphasis added).

Plaintiff's counsel, Mr. James W. Howard, has been advised repeatedly by this court that Rule 11 sanctions would be considered if he failed to establish any factual basis for the complaint which he prepared and signed. Despite ample opportunity to proffer such support, he has utterly failed to demonstrate that the complaint is "well grounded in fact." Because of the seriousness of the unsupported allegations of judicial impropriety, as well as the injury to the administration of justice and federal-state judicial comity that such allegations have caused, this court finds that sanctions under Rule 11 are necessary both to punish such conduct and to deter such abuse from being repeated in the future. Accordingly, the following sanction is hereby assessed against James W. Howard in his individual capacity: (1) James W. Howard shall pay to the Clerk of this Court a fine in the amount of $500.00, *see Kleiner v. First National Bank of Atlanta,* 751 F.2d 1193, 1209 (11th Cir.1985), *citing Roadway Express, Inc. v. Piper,* 447 U.S. 752, 766, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980); (2) James W. Howard shall reimburse all defendants

herein for all attorneys' fees and expenses reasonably incurred to defend this action, the amount of which shall be determined by this court upon submission of appropriate affidavits by defense counsel. Fed.R. Civ.P. 11.