**Wordy Jack THOMPSON, Jr., Plaintiff,**

v.

**Linda ALAND, Defendant.**

**Civ. A. No. CA3–83–1713–D.**

United States District Court,
N.D. Texas
Dallas Division.

July 14, 1986.

Herbert Green, Jr. of Herbert Green, Jr., P.C., Dallas, Tex., for plaintiff.

F. Franklin Honea of Payne & Vendig, Dallas, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

FITZWATER, District Judge.

Plaintiff, Wordy Jack Thompson, Jr. ("Thompson"), a Texas attorney, was held in contempt and jailed by a Texas state court for violating the court's temporary orders issued incident to a divorce action between Thompson and his then-wife. Thereafter he filed this civil action against the state judge who issued the contempt order and against his wife's attorney. This court (Hill, J.) has previously dismissed the claims against the state judge on the ground of absolute judicial immunity. The attorney has now moved pursuant to Rule 12(b)(6)[1] to dismiss the allegations that remain as to her and has moved for Rule 11 sanctions.

The first question presented is whether Thompson's remaining allegations against the attorney state claims upon which relief

---

1. Unless otherwise indicated, all rule references are to the *Federal Rules of Civil Procedure.*

can be granted pursuant to 42 U.S.C. §§ 1981, 1982, 1983, "1984," and 1985. To dispose of the issue the court must determine whether the attorney is a state actor and whether Thompson presents a claim for class-based or racial discrimination. The second question presented is whether Rule 11 sanctions should be imposed. To dispose of this issue the court must determine whether Thompson's counsel's reliance upon 42 U.S.C. § "1984," a statute repealed 35 years before this case was filed, and his reliance upon statutes intended to provide a remedy for racial and class-based discrimination, when no allegations of such discrimination are made, mandate the imposition of sanctions. The court concludes that this action should be dismissed and that Rule 11 sanctions should be imposed.

## I.

### Factual Background

According to his complaint, on June 23, 1983 Thompson was served with a motion for contempt filed by his then-wife in their pending divorce action and signed by her attorney, Linda Aland ("Aland"). The motion alleged that plaintiff had violated several provisions of the district court's temporary orders of January 18, 1983 and May 27, 1983. In the motion, plaintiff's wife prayed for the following relief:

> that the Respondent [plaintiff] be held in contempt of this Court for disobedience of the Temporary Orders requiring him to (1) make payment of the monies due to Lakehill School as tuition and for disobedience of the Temporary Orders II requiring him to (1) make a $2,000.00 interim attorney's fee payment to Movant's counsel by June 1, 1983; (2) communicating and harassing Petitioner by tele-

phone at home and at work; and (3) failing to produce required documents. For such acts of contempt, Movant prays that punishment be fixed at a fine of not more than $500.00 or confinement in the County Jail of Dallas County, Texas until Respondent has complied with said Temporary Orders and Temporary Orders II. Movant further prays for payment of reasonable attorney's fees to Movant's counsel and for costs incurred herein. (Motion for Contempt, at 4).

The motion for contempt was heard by Judge Charles O. Betts,[2] a visiting judge sitting by designation. By order of July 22, 1983, after the hearing was concluded, plaintiff was held in contempt by Judge Betts and remanded to the custody of the court bailiff. Thereafter, plaintiff filed an application for a writ of habeas corpus with the Texas court of appeals, which granted the writ on September 8, 1983.

On October 7, 1983, Thompson filed this suit alleging, among other things, that the actions of Judge Betts and Aland violated his constitutional rights. Jurisdiction was predicated on 28 U.S.C. §§ 1331, 1332, and 1343. Thompson alleges generally that the action "rises [sic] under 42 U.S.C. Sections 1981, 1982, 1983, 1984, and 1985." (Complaint ¶ IV, at 2). The only specific allegations against Aland are: (1) that she conspired with Judge Betts to deprive plaintiff of his civil rights, due process, and equal protection of the law by imprisoning him for debt (*Id.* ¶ XIV, at 6); and (2) that she denied his rights under the Fifth and Fourteenth Amendments pursuant to the conspiracy (*Id.* at ¶ XV). No pendent state claims appear to be stated against her. In response Aland filed a Rule 12(b)(6) motion to dismiss for failure to state a claim and a motion for sanctions under Rule 11.[3] The

---

**2.** As noted, Judge Betts was dismissed by this court (Hill, J.) by amended order dated June 27, 1984 on the basis of Judge Betts' absolute immunity from liability. The amended order was appealed to the Fifth Circuit, which dismissed the appeal for want of a final judgment. It appears that plaintiff filed a motion to reinstate Judge Betts as a defendant but did not request a ruling on this motion as required by this court's April 22, 1986 order. The court therefore treats

the motion as withdrawn. *See* note 3, Opinion page 726, *infra.* Alternatively, the court denies the motion to reinstate for the reasons stated by Judge (now circuit judge) Hill in his amended order of June 27, 1984.

**3.** By order, dated April 22, 1986, the court instructed any party who had filed a motion which was then pending to file, within 15 days, a written request for a ruling on the motion;

court now considers the questions presented by her motions.

## II.

### Plaintiff's Section 1983 Claim

To decide whether Thompson states a claim against Aland under § 1983 the court must determine whether the allegations of Thompson's complaint and the inferences that are drawn therefrom, viewed in the light most favorable to Thompson,[4] demonstrate the threshold requirement that Aland was acting under color of state law.

 This is so because a § 1983 action is grounded upon two ineluctable elements: (1) that the conduct complained of was committed by a person acting under color of state law and (2) that the conduct deprived another person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981). The Fourteenth Amendment of the Constitution provides in part:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

Because the Amendment proscribes state conduct, it can be violated only by conduct that may be fairly characterized as "state action." Similarly, § 1983 expressly provides a remedy only for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." The § 1983 requirement of action under color of state law and the Fourteenth Amendment requirement of state action are virtually identical. If the challenged conduct constitutes state action, that conduct is also action under color of state law and will support a suit under § 1983. *Lugar v. Edmondson Oil Company, Inc.*, 457 U.S. 922, 935, 102 S.Ct. 2744, 2752, 73 L.Ed.2d 482 (1982).

In *United States v. Classic*, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941), the Court held that a person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Since *Classic*, the Court has insisted that the conduct that causes the deprivation of a federal right be "fairly attributable" to the state. *Lugar*, 457 U.S. at 937, 102 S.Ct. at 2753. These cases reflect a bipartite approach to the question of "fair attribution," one part of which is that the party charged with the deprivation must be a person who may fairly be said to be a state actor. *Id.*

*Lugar* teaches that a party may be a state actor because she is a state official, because her conduct is otherwise chargeable to the state, or because she has acted together with or obtained significant aid

---

otherwise the motion would be treated as withdrawn by the party filing it. The court received responses to the April 22, 1986 order from all parties. In these responses, however, the only motions with respect to which a request for ruling was made, by the party who filed the motion, were Aland's motions to dismiss and for Rule 11 sanctions.

**4.** The facts of the case and the inferences therefrom are taken from plaintiff's complaint as required when a court passes on a motion to dismiss and are viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). *See Watt v. Graves*, 720 F.2d 1416, 1419 (5th Cir.1983) (the allegations of the complaint must be accepted as true along with any inferences that may be drawn therefrom). The court is mindful of the Supreme Court's teaching that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Elliott v. Perez*, 751 F.2d 1472, 1479 n. 17 (5th Cir.1985). Nevertheless, where the plaintiff cannot establish any meritorious claim under any theory proposed in his pleading, a motion to dismiss should be sustained. *Nevels v. Wilson*, 402 F.2d 479 (5th Cir.1968).

from state officials. *Id.* Here, because Aland is not a state official, if she is to come within the state actor rubric, it must be because (1) her conduct is otherwise chargeable to the state or (2) she acted together with or obtained significant aid from state officials.

### Conduct Chargeable to State

■ Aland's conduct is not chargeable to the state because her role, as a private attorney, is independent from whatever role the state plays. An attorney, whether retained or appointed in any proceeding, owes her only duty to her client and not to the public or the state. *Polk County v. Dodson,* 454 U.S. 312, 318, 102 S.Ct. 445, 449, 70 L.Ed.2d 509 (1981). Counsel's role is essentially a private function. Notwithstanding that an attorney is an "officer of the court," an attorney "serves the public, not by acting on behalf of the State or in concert with it, but rather by advancing 'the undivided interests of his client.'" *Id.* at 318–19, 102 S.Ct. at 449–50; *accord, United States ex rel Simmons v. Zibilich,* 542 F.2d 259, 261 (5th Cir.1976). An attorney is obligated to exercise judgment independent from that of the State on behalf of her client. *Polk County,* 454 U.S. at 321, 102 S.Ct. at 451. Because a private attorney's role is independent from the role of the state, an attorney's conduct, by mere representation of her client, is not chargeable to the state. There is no state action where the state does no more than furnish the forum and has no interest in the outcome. *Hill v. McClellan,* 490 F.2d 859, 860 (5th Cir.1974).

Prior to *Polk County,* the Fifth Circuit concluded that a private attorney who merely represents a client in a civil proceeding is not acting under color of state law. In *Hill,* the Fifth Circuit held that an attorney who merely represented the plaintiff's ex-wife in a divorce, child custody, and property settlement action in Texas was not acting under color of state law.

> Lawyers who participate in the trial of private state court litigation are not state functionaries acting under color of state law within the meaning of the Federal Civil Rights Act; likewise, they are not liable under said Acts.

*Id.* Thereafter, the court held in *Slavin v. Curry,* 574 F.2d 1256 (5th Cir.1978), that a private, retained attorney does not act under color of law and cannot be held liable under the Civil Rights Act in the absence of an actionable conspiracy. 574 F.2d at 1265. The reasoning of *Polk County* bolsters the principles announced in *Hill* and *Slavin.* Aland's conduct in the instant case is not chargeable to the state.

### Acted Together With or Obtained Significant Aid

Whether an attorney has acted together with or has obtained significant aid from state officials inquires whether there is "something more" alleged, beyond mere representation of a party, which rises to the level of acting under color of state law. In *Dennis v. Sparks,* 449 U.S. 24, 27–28, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980), the Supreme Court held that an otherwise private person acts "under color of" state law when engaged in a conspiracy with state officials to deprive another of his federal rights. *See also Richardson v. Fleming,* 651 F.2d 366, 371 (5th Cir.1981). The question presented here is whether Thompson sufficiently alleges a conspiracy in his original complaint.

The only allegations in plaintiff's original complaint regarding a conspiracy are:

> The Plaintiff is an attorney ... who was falsely accused of contempt of Court wherein a conspiracy occurred between the said visiting judge who conspired with the attorney who was the attorney of record for the Movant in the Motion for Contempt and assisted in a wrongfully and illegally and fraudulent incarceration of said attorney, Plaintiff herein, in the Dallas County Jail at Dallas, Dallas County, Texas. (Complaint ¶ I, at 1).
>
> \* \* \* \* \* \*
>
> Your Plaintiff herein, WORDY JACK THOMPSON, JR., would show unto this Honorable Court that he has suffered all of the following ... 4. He has suffered conspiratorial imprisonment as a result

of conspiracy between the Judge and the lawyer in this case, the two named Defendants, wherein they conspired to deprive him of his civil rights, due process, and equal protection of the law by imprisoning him for debt. (*Id.* ¶ XIV, at 6).

\*　　\*　　\*　　\*　　\*　　\*

Furthermore, your Plaintiff would show unto the Court that this is a civil conspiracy being a combination of two or more persons acting in concert to commit an individual act or to commit an unlawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, namely your Plaintiff, and said act resulted in said damages.[5] (*Id.* ¶ XVII, at 7).

■ Under § 1983, more than a blanket accusation of conspiracy is necessary. *Arsenaux v. Roberts,* 726 F.2d 1022, 1023–24 (5th Cir.1982). The Fifth Circuit has held:

In the now familiar cases invoking 42 U.S.C. § 1983 we consistently require the claimant to state specific facts, not merely conclusory allegations.

*Elliott,* 751 F.2d at 1479, *and cases cited* at n. 20. Mere characterization of defendants' conduct as conspiratorial or unlawful does not set out allegations upon which relief can be granted. *Russell v. Millsap,* 781 F.2d 381, 383 (5th Cir.1985). *See also United States ex rel Simmons,* 542 F.2d at 262.

■ None of the allegations in the complaint are *factual* allegations of any conspiratorial *conduct* by either Judge Betts or Aland. Likewise, there are no factual allegations tending to show that a prior agreement was made. In short, the conspiracy allegations are conclusory and therefore insufficient under § 1983. Because there are insufficient allegations of conspiracy, it follows that there are likewise insufficient allegations that Aland acted together with or obtained significant aid from state officials for purposes of state action.

Plaintiff's original complaint fails to allege facts that would satisfy the first prong of the *Parratt* test, that is, that Aland committed an act under color of state law. Plaintiff has thus failed to state a claim for relief under 42 U.S.C. § 1983 and the claim is dismissed.

## III.

### Plaintiff's Remaining Federal Claims

*Section 1981 Claim*

■ 42 U.S.C. § 1981 provides:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property *as is enjoyed by white citizens,* and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. (Emphasis added).

A complaint based on § 1981 must allege that race was a factor in the actions of the defendants. *Olivares v. Martin,* 555 F.2d 1192, 1196 (5th Cir.1977). *See generally Runyon v. McCrary,* 427 U.S. 160, 168–75, 96 S.Ct. 2586, 2593–96, 49 L.Ed.2d 415 (1976). Even liberally construed, plaintiff's complaint in no way alleges that the actions of Aland were motivated by plaintiff's race. In fact, the complaint does not even specify plaintiff's race. Without such allegations, no claim is asserted under § 1981. The claims in plaintiff's complaint based on 42 U.S.C. § 1981 are dismissed.

---

**5.** Plaintiff has also alleged, among other things, that "Defendant, LINDA S. ALAND, is a local female attorney who is ravenous and lustful in her desire to enrich herself, [sic] although board certified as a specialist in family law, said Defendant has no legal concept as to the criminal meaning of contempt." (Complaint ¶ II, at 2).

Plaintiff further alleged that since he was held in contempt "he has had the blues and the blahs, tremblings, constipation, bad breath ... [and that] his friends tend to wander off instead of coming across to shake hands with him or greet him...." (*Id.* ¶ XX–XXI, at 8).

*Section 1982 Claim*

42 U.S.C. § 1982 provides:

All citizens of the United States shall have the same right, in every State and Territory, *as is enjoyed by white citizens* thereof to inherit, purchase, lease, sell, hold, and convey real and personal property. (Emphasis added).

Plaintiff's § 1982 claim suffers from the same deficiency as does his § 1981 claim—it also fails to allege an appropriate class-based discrimination. Both §§ 1981 and 1982 evolve from the original Act of 1866 and are subject to similar construction. *Runyon,* 427 U.S. at 173–74, 96 S.Ct. at 2595–96. The Supreme Court, addressing this very issue, has specifically stated that § 1982 deals only with racial discrimination. *Jones v. Alfred H. Mayer Co.,* 392 U.S. 409, 413, 88 S.Ct. 2186, 2189, 20 L.Ed.2d 1189 (1968). The claims in plaintiff's complaint predicated on 42 U.S.C. § 1982 are dismissed.

*"Section 1984" Claim*

Plaintiff states that "[t]his action rises [sic] under 42 U.S.C. Sections 1981, 1982, 1983, *1984,* and 1985." (Emphasis added). According to the Historical Note under "§ 1984," the law was repealed over 35 years before Thompson filed this suit:

Section Act Mar. 1, 1875, c. 114, § 5, 18 Stat. 337, which was formerly classified to section 46 of Title 8, Aliens and Nationality, related to Supreme Court review of cases arising under Act Mar. 1, 1875, and has been omitted from the Code as obsolete. Sections 1 and 2 of Act Mar. 1, 1875 were *declared unconstitutional* in *U.S. v. Singleton,* 109 U.S.

3, [3 S.Ct. 18, 27 L.Ed. 835] and sections 3 and 4 of such Act *were repealed by Act June 25, 1948,* c. 645, § 21, 62 Stat. 862. (Emphasis added).

Accordingly, the claims in plaintiff's complaint predicated on 42 U.S.C. § "1984" are dismissed.

*Section 1985 Claim*

■ Section 1985 generally provides a cause of action where persons, in furtherance of a conspiracy, injure another person or deprive another person of any right or privilege of citizenship. To establish a claim under this section, a plaintiff must allege and prove one of the following:

(1) a conspiracy designed to deny or interfere with equal protection rights, or

(2) a nexus between the alleged conspiracy and a proceeding in federal court.

*Bradt v. Smith,* 634 F.2d 796, 801 (5th Cir.1981). In the case of a conspiracy to deny equal protection, the plaintiff must show a racial or otherwise class-based discriminatory animus. *Griffin v. Breckenridge,* 403 U.S. 88, 101–02, 91 S.Ct. 1790, 1797–98, 29 L.Ed.2d 338 (1971); *Bradt,* 634 F.2d at 801. As stated earlier, the complaint does not contain even an intimation of racial or class-based discrimination. Likewise, the complaint contains no allegation regarding a conspiracy and proceeding in federal court. Because plaintiff fails to make the necessary allegations, his claims under § 1985 must be dismissed.[6] *Id.* at 801. *See Earnest v. Lowentritt,* 690 F.2d 1198, 1202 (5th Cir.1982), and *Slavin,* 574 F.2d at 1262.

**IV.**

Rule 11 Sanctions

■ The court does not approach lightly its duty to determine whether Rule 11[7]

---

**6.** Plaintiff also prays for an investigation by the Federal Bureau of Investigation under 18 U.S.C. § 241–244, which request is denied. The court notes that 18 U.S.C. § 243 deals with exclusion of jurors on account of race or color and 18 U.S.C. § 244 deals with discrimination against persons wearing uniform of armed forces, neither of which is applicable here. These careless references to inapplicable statutes bolster the court's conclusion, *infra,* that Rule 11 sanctions should be imposed.

**7.** Rule 11 provides, in pertinent part:

The signature of an attorney or party constitutes a certificate by him that he has read the pleading ... [and] that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

sanctions should be imposed. The inquiry is one undertaken with the sobering realization that the court assays the work product of a court officer who operates in the adversary arena and who is duty-bound to represent his client zealously. Nevertheless, Rule 11 emphasizes the responsibilities of the advocate and reinforces those responsibilities by mandating the imposition of sanctions. *Elliott,* 751 F.2d at 1480. The Rule, as amended in 1983, places a duty on attorneys to insure that pleadings are reasonable in light of the facts and the law. It "stresses the need for some prefiling inquiry into both the facts and the law" to satisfy the duty imposed by the law. *See* Comments to the 1983 amendments to the Rule and *Davis v. Veslan Enterprises,* 765 F.2d 494, 497 (5th Cir.1985). Rule 11 also obligates an attorney who signs a document continually to review, to examine, and to re-evaluate his position. *Woodfork By and Through Houston v. Gavin,* 105 F.R.D. 100, 104 (N.D.Miss.1985).

The attorney, and not just his client, is responsible for insuring that a claim is well-grounded in a plausible view of the law. *Weir v. Lehman Newspapers, Inc.,* 105 F.R.D. 574, 576 (D.Colo.1985). Where, as here, the questions raised are of law rather than of fact, the attorney's reliance on his client is minimal and the attorney's burden is greater. *Id.*

The Rule was meant to streamline the judicial process and avoid abuses. *Kuzmins v. Employee Transfer Corp.,* 587 F.Supp. 536, 538 (N.D.Ohio 1984). While it was not intended to stifle an attorney's enthusiasm or to inhibit his creativity or to chill vigorous advocacy, all of which is the lifeblood of the law, the rule nonetheless requires that a lawyer not commence an action until he first forms a reasonable belief, from the viewpoint of a reasonably competent attorney based on reasonable inquiry, that the action is warranted by existing law or by a good faith argument for extension of existing law. *WSB Elec-*

*tric Company v. Rank & File Committee to Stop the 2–Gate System,* 103 F.R.D. 417, 420 (N.D.Cal.1984).

The Fifth Circuit teaches us that the court's role in this process is to evaluate independently whether the attorney has fulfilled his duties under Rule 11, with an eye toward deterrence. *Elliott,* 751 F.2d at 1481. Because the Rule is designed to allay the trial court's apprehension that the enforcement of the Rule would be fruitless and because the words "shall impose" in the last sentence of Rule 11 focus the court's attention on the *need* to impose sanctions for pleading abuses, *id.,* the court should not shy away from imposing sanctions where there has in fact been an abuse. The court is charged with detection and punishment and has the responsibility to pay greater attention to pleading abuses.

Plaintiff's counsel's abuses in the instant case are patent. First, a plaintiff has a claim under 42 U.S.C. §§ 1981, 1982, and 1985 only if he has suffered some sort of class-based or racial discrimination. Nowhere in the complaint, however, is there any factual allegation or even legal conclusion that the defendants' conduct toward plaintiff was due to his race, nor does plaintiff even allege his race. Plaintiff's claim under § 1983 against Aland was clearly foreclosed by the fact that none of Aland's actions were done under color of state law, as stated in *Hill* and *Slavin* in 1974 and 1978, respectively. *See Kuzmins,* 587 F.Supp. at 538. In a blatant act of irresponsible pleading, plaintiff purports to state a claim under 42 U.S.C. § "1984," which has not been the law since 1948.

Whether counsel for plaintiff was aware of his mistakes is not the issue, for the amendment of Rule 11 changed the standard from a subjective to an objective one. *Davis,* 765 F.2d at 497 n. 4. The question is whether, after a reasonable inquiry, an attorney acting responsibly would have formed the reasonable belief that the claims, as framed in the pleading, were

The August 1, 1983 amendment to Rule 11 is applicable to this case because plaintiff's complaint was filed on October 7, 1983, after the amendment took effect.

well-grounded in a plausible view of existing law. While the court recognizes that the mere fact that a complaint is dismissed for failure to state a claim does not make the attorney who filed the complaint liable for sanctions, a reasonable prefiling inquiry by plaintiff's attorney in this case would have disclosed that this complaint was not warranted as to Aland under well-settled law. *See Ring v. R.J. Reynolds Industries, Inc.*, 597 F.Supp. 1277, 1281 (N.D.Ill.1984).

 Therefore, the court concludes that plaintiff's attorney has not discharged his duties under Rule 11 because as a matter of law he did not make a reasonable inquiry into the law applicable to this case. Such conduct warrants the imposition of sanctions and, accordingly, the Rule 11 motion is granted. The abuses in this case are legal[8] rather than factual; accordingly, the court holds that the sanctions in this case should be imposed only against plaintiff's attorney, Herbert Green, Jr. The court also holds that the sanction to be imposed is the sum of the reasonable attorney's fees, expenses, and costs incurred by Aland in defending this suit. *See Gavin*, 105 F.R.D. at 106 (similar sanction imposed). Accordingly, within ten days of the date this memorandum opinion and order is signed, Aland shall submit an affidavit in support of an award for such fees, expenses, and costs. Green shall submit any counter-affidavit within twenty days of the date the memorandum opinion and order is signed. The court will decide the question of reasonable fees, expenses, and costs on the affidavits.

**8.** Because the question is one of law rather than fact, the court has decided the Rule 11 motion without conducting a hearing. The Advisory Notes to Rule 11 appear to contemplate this:

The procedure obviously must comport with due process requirements. The particular format to be followed should depend on the circumstances of the situation and the severity of the sanction under consideration. *In many situations the judge's participation in the proceedings provides him with full knowledge of the relevant facts and little further inquiry will be necessary.* (Emphasis added).

## V.

### Plaintiff's Pendent Claims

The court has previously concluded as a matter of law that plaintiff has not alleged any pendent state claims against Aland. Even if there were such remaining claims, it is clear that a district court has wide discretion to refuse to hear a pendent claim, particularly where, as here, the federal claims are dismissed before trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *United States v. Capeletti Brothers, Inc.*, 621 F.2d 1309, 1317–18 (5th Cir.1980); *see also Hondo National Bank v. Gill Savings Association*, 696 F.2d 1095, 1102 (5th Cir.1983). There are no considerations of judicial economy or convenience and fairness to litigants that mitigate in favor of this court's retaining jurisdiction over this case. *United Mine Workers*, 383 U.S. at 726, 86 S.Ct. at 1139. On this basis, plaintiff's pendent state law claims, if any, are also dismissed.

## VI.

This civil action is dismissed. Rule 11 sanctions are imposed in an amount to be set by separate order.

SO ORDERED.

*See generally Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 254 n. 7 (2d Cir. 1985) ("where the only question on appeal becomes whether, in fact, a pleading was groundless, we are in as good a position to determine the answer and, thus we need not defer to the lower court's opinion"). *Cf. Eavenson, Auchmuty & Greenwald v. Holtzman*, 775 F.2d 535, 540, 543 (3d Cir.1985) (question was one of fact—whether plaintiff had willfully and deliberately violated one of the court's orders); *Lepucki v. Van Wormer*, 765 F.2d 86, 88 (7th Cir.1985); and *Eash v. Riggins Trucking, Inc.*, 757 F.2d 557, 570–71 (3d Cir.1985).