Robert and Connie
**HENSLEY, Plaintiffs,**

v.

**E.F. HUTTON & COMPANY, INC., and Bill Hanlein, individually and as Manager of the Mobile office of E.F. Hutton & Company, Inc., Defendants.**

**No. 84–1266–C.**

United States District Court,
S.D. Alabama, S.D.

Dec. 19, 1986.

---

Paul W. Brock, Orrin K. Ames, III, Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, Ala., Charles A. Gilman, David S. Smith, New York City, for defendants.

## ON DEFENDANTS' REQUEST FOR THE IMPOSITION OF SANCTIONS UNDER FED.R.CIV.P. 11

EMMETT RIPLEY COX, District Judge:

This securities action was commenced by the filing of a complaint alleging that defendant E.F. Hutton and one of its employees, defendant Bill Hanlein, violated various securities laws and rules in its sale of corporate stock to plaintiffs. The complaint charged violations of Sections 11 and 12 of the Securities Act of 1933 (15 U.S.C. §§ 77k and 77l); Sections 10, 14(a), 15 and 20 of the Securities Exchange Act of 1934 (15 U.S.C. §§ 78j, 78n(a), 78o, and 78t); Section 8–6–17 of the Code of Alabama of 1975; Rule 405 of the New York Stock Exchange Rules; Rule 411 of the American Stock Exchange Rules; Article 2 Section 2 of the Rules of Fair Practice of the NASD; and Regulation 830–4–3–.18 of the Alabama Securities Commission. All claims were dismissed on November 5, 1985, with leave granted to amend the complaint. By separate order also dated November 5, 1985, the court required plaintiffs' counsel to show cause why he should not be held to have violated Fed.R.Civ.P. 11 by assertion of the claims under Section 11 of the Securities Act of 1933, Section 14(a) of the Securities Exchange Act of 1934, and the claims under the stock exchange and NASD rules. The parties briefed the matter, and the court decided by memorandum opinion dated April 21, 1986, that Rule 11 was violated by the assertion of claims under Section 11 of the Securities Act of 1933 and Section 14(a) of the Securities Exchange Act of 1934. The court also determined that sanctions should be imposed to penalize plaintiffs' counsel, and to compensate defendants' counsel for work done in preparing a motion to dismiss the unfounded claims and supporting briefs. Plaintiffs' motion to reconsider the April 21 order was granted, and, upon reconsideration, the court declined to modify its original order. The purpose of this opinion is to impose appropriate sanctions.

Initially, the court must determine whether imposition of sanctions prior to the

end of the litigation is appropriate. None of the factual issues in this case have yet been finally determined either by summary judgment or trial. In *Donaldson v. Clark*, 786 F.2d 1570 (11th Cir.1986), the Court of Appeals stated that, "[a] district court's decision of whether to impose Rule 11 sanctions based on the complaint should wait until the end of the litigation." *Id.* at 1576. The court cited the Advisory Committee Note to Fed.R.Civ.P. 11 as authority for this assertion. Reading the statement in context, it is clear that Congress did not intend to formulate a rule that the imposition of sanctions should invariably await the end of litigation. The pertinent text of the Note reads: "The time when sanctions are to be imposed *rests in the discretion of the trial judge*. However, it is *anticipated* that in the case of pleadings the sanctions issue under Rule 11 *normally* will be determined at the end of the litigation...." Notes of Advisory Committee on Fed.R.Civ.P. 11 as amended.

*Donaldson* is a case in which it was clearly appropriate to postpone the Rule 11 decision until the end of the litigation. The trial court in *Donaldson* had entered summary judgment in favor of all defendants on all claims because plaintiff failed to timely "proffer a factual foundation which would arguably present material issues of fact precluding summary judgment." *Donaldson v. Clark*, 105 F.R.D. 526, 531 (M.D.Ga.1985). Reversing the entry of summary judgment, the Court of Appeals *held* that "the district court failed to give [the plaintiff's attorney] an adequate opportunity to submit materials in opposition to defendants' converted summary judgment motion," and that "the district court should wait until [the plaintiff's attorney] has had such an opportunity before deciding whether to impose Rule 11 sanctions." *Id.* at 1576. The implication of this holding is that the propriety of Rule 11 sanctions in *Donaldson* depended upon factual determinations which could not be competently made until all the facts were before the court, i.e. at the end of the litigation.

The court is of the opinion that the present case is distinguishable from *Don-*aldson, and that the Rule 11 sanctions should be imposed at this time, prior to the end of the litigation. The court's order of April 21 found that the claim under Section 11 of the Securities Act of 1933 violated Rule 11 because the response of plaintiffs' counsel to the show cause order did not suggest that any registration statement contained false or misleading information. Thus, the court concluded that the Section 11 claim was not well-grounded in fact, and did not reach the issue of whether the claim was warranted by existing law or a good faith argument for the extension, modification or reversal of existing law. The April 21 order also found that the claim under Section 14(a) of the Securities Exchange Act of 1934 violated Rule 11 because the response of plaintiffs' counsel to the show cause order conceded that the claim was not well-grounded in fact and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law. Significantly, the show cause order did not require plaintiffs' counsel to prove anything, nor to establish, by affidavit or otherwise, that counsel could produce evidence in support of the claims. Counsel was only required to inform the court relative to the factual and legal bases for the claims. This is not a case, therefore, in which the Rule 11 decision depends upon factual determinations which cannot be made until the end of the litigation. Rather, plaintiffs' counsel virtually admits that he asserted claims which were not well-grounded in fact, or were not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law. Since the punitive and deterrent purposes of the rule target the conduct of counsel, and since the conduct subject to sanction has been admitted, awaiting the conclusion of litigation to impose the sanctions can only hinder the effectiveness of the rule.

The rationale for imposing sanctions as soon as possible after the Rule 11 violation is not difficult to understand. See generally, Schwarzer, "Sanctions Under the New Federal Rule 11—A Closer Look," 104

F.R.D. 181 (1985). The rule contemplates that the court will not rely upon the "wisdom of hindsight" when imposing sanctions, but will "test the signer's conduct by inquiring into what was reasonable to believe at the time the pleading, motion, or other paper was submitted." Notes of the Advisory Committee on Fed.R.Civ.P. 11. In order to "avoid the risk, or the appearance of relying on hindsight, the decision on sanctions is best made as promptly as possible after the violation is disclosed." Schwarzer, supra at 197. Moreover, "prompt action helps enhance the credibility of the rule and, by deterring further abuse, achieve [the Rule's] therapeutic purpose." *Id.* at 198.

Furthermore, imposing sanctions prior to the end of litigation is not without support in the jurisprudence of the district courts. *Kuzmins v. Employee Transfer Corporation,* 587 F.Supp. 536 (N.D.Ohio 1984) is directly on point with the present case. There, the court dismissed fewer than all of the claims in the plaintiff's complaint, and then imposed sanctions after concluding that counsel for plaintiff had no basis after reasonable prefiling inquiry upon which to conclude that the dismissed claims had legal or factual merit.

What remains to be decided, then, is the appropriate measure of sanctions. Rule 11 provides:

> If a pleading, motion, or other paper is signed in violation of this rule the court ... shall impose upon the person who signed it ... an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

On April 21, 1986, the court ordered defendants to submit an application for costs and attorney's fees, and permitted counsel for plaintiffs to respond to those applications. Counsel for defendants filed their applications, and counsel for plaintiffs did not respond. Notwithstanding the absence of a response and the absence of any objection to the amount of fees and expenses claimed, the court has considered the factors enumerated in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974), and *Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). Having considered these factors, the court is of the opinion that $2,419.91 should be paid by plaintiffs' counsel to defendants E.F. Hutton and Bill Hanlein. This figure represents the costs, including reasonable attorneys' fees, expended in preparing the motion to dismiss the unfounded claims (with supporting briefs), the reply brief to the response of plaintiffs' counsel to the November 5 show cause order, and the application for costs and attorneys' fees. The fact that this figure is less than the amount of fees and expenses claimed is not a criticism of the reasonableness of fees and expenses charged by defense counsel. Those fees and expenses are a matter of private contract, and the court is obligated to consider other factors in determining what award of fees and expenses constitutes an appropriate sanction. The court will by separate document order payment consistent with this opinion.