5 F.3d 531
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Hannah HUTCHINS, Appellant,
v.
HOMESTEAD SAVINGS; Milton W. Schaeffer; Wayne L. Millsap;
Freeman Bosley, Jr.; The United States Department
of Housing and Urban Development (HUD), Appellees.
 No. 93-1732.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 21, 1993.
Filed: September 7, 1993.
 
 Before JOHN R. GIBSON, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Hannah Hutchins appeals from the district court's[1] dismissal of her complaint for lack of jurisdiction. She alleged that Homestead Savings, Inc. had wrongfully foreclosed on her property; her attorney, Milton W. Schaeffer, had mishandled the matter; Homestead's attorney, Wayne L. Millsap, knew that she had continuously made her mortgage payments into the court registry; and the then court clerk, Freeman Bosley, Jr., should have been accountable for the money she deposited into the registry. Hutchins's entire claim against the United States Department of Housing and Urban Development (HUD) stated: "This was an FHA approved loan as per my agreement to pay back the loan amount, I faithfully made every payment in an effort to pay back the loan amount."
 
 
 2
 Federal courts are courts of limited jurisdiction. Owen Equip. and Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). Federal Rule of Civil Procedure 8(a)(1) directs that a complaint shall set forth "a short and plain statement of the grounds upon which the court's jurisdiction depends." A complaint that does not contain an adequate statement of jurisdictional facts is "fatally defective." Ivey v. Frost, 346 F.2d 115 (8th Cir. 1965) (per curiam) (pro se complaint).
 
 
 3
 Hutchins did not allege facts showing that diversity jurisdiction existed, nor did she challenge defendants' assertions that diversity was lacking. She did not identify a statutory or constitutional basis upon which federal question jurisdiction could be found. Further, Hutchins did not allege any particular action HUD took with regard to her loan or any injury HUD caused. The mere inclusion of a federal agency in a lawsuit, without more, does not give rise to federal jurisdiction. See O'Shea v. Littleton, 414 U.S. 488, 493 (1974) (plaintiff must allege injury resulting from putatively illegal action before federal court may assume jurisdiction).
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri